Harkins *v.* Cole *et al.*

(In Banc.   Jan. 27, 1947.)

[28 So. (2d) 839.   No. 36295.]

**B. H. Loving** and **Frank A. Critz,** both of West Point, for appellant.

Thompson McClellan, of West Point, and L. W. Brown and Zelma P. Schuetta, both of Starkville, for appellees.

**McGehee, J.,** delivered the opinion of the court.

This suit involves the question of whether or not the wife of E. D. Harkins, a deceased soldier, is entitled to inherit from him certain real property as against the claim of the appellees, who are brothers and sisters of the deceased. The right of the wife to inherit the property is challenged on the alleged ground that she contracted a second marriage prior to the death of her said first husband and thereby deserted and abandoned him as his wife. And it is conceded that under the authority of the recent case of Walker et al. v. Matthews et al., 191 Miss. 489, 3 So. (2d) 820, that the wife is estopped to assert her claim if she did in fact contract the alleged second marriage.

The appellees, in support of their alleged right to have themselves declared to be the sole heirs at law of their deceased brother, introduced in evidence, over the objection of the wife, a certificate of the Circuit Clerk of an adjoining County to the effect that the marriage records in his office "show that on the 9th day of April, 1938, the rites of matrimony were celebrated between Mr. A. D. Harkins and Miss Ruth Shepherd by John B. Cotton, J. P."; also a further certificate by the same Clerk to the effect that the marriage records in his office "show that on the 23rd day of April, 1942, the rites of matrimony were celebrated between Mr. A. W. Walley and Miss Ruth Shepherd by L. J. Frank, Sr., Justice of the Peace."

Section 1734, Code of 1942, reads as follows: "A certificate of marriage, signed and transmitted to the circuit clerk of the proper county by the person, officer or clerk of the religious society celebrating the same, and copies of such certificate or of the record thereof, under the hand and official seal of the clerk in whose office such certificate or record is kept, shall be admitted in evidence."

It, therefore, appears from this statute that the only way in which proof of the celebration of a marriage can be made in our courts is by either introducing the record thereof, or the original certificate of marriage, signed by

the person performing the ceremony, or by a certified copy of the record of the marriage duly signed under the seal of the Circuit Clerk. In other words, a certificate of the clerk merely showing his interpretation of what the marriage record discloses is insufficient. Where a certificate of the clerk is to be used as proof of the marriage it should set forth a true copy of what appears on the record, leaving it to the court to determine what conclusion is to be drawn therefrom. 20 Am. Jur., Sec. 1039, p. 877; 22 C. J., Sec. 989, p. 841, 32 C. J. S., Evidence, Sec. 629.

It appears from the finding of fact by the Chancellor that these purported certificates as to what the records disclosed in the adjoining county were very material in influencing his conclusion that a second marriage had been contracted by the wife and that she was not therefore entitled to inherit from her first husband. In fact, there was no testimony whatever to show that the respondent, as the former wife of E. D. Harkins, deceased, had ever gone by the name of Ruth Shepherd. Her mother testified that her name was Helen Louise Shepherd at the time she married E. D. Harkins, and that she had never been known by the name of Ruth Shepherd. Moreover, the chief witness for the complainants, E. B. Dowdle, when asked, ''Do you know the respondent?'' answered, ''Yes, sir.'' He was then asked, ''Who is she?'' And he replied, ''Helen Louise Shepherd.''

However, the witness Dowdle, who was a brother-in-law of the respondent, did testify that in April, 1942, she brought a soldier to the home of her mother, introduced him as her husband, and stated that they were married. He could not recall the name of this soldier to whom his sister-in-law is alleged to have been married until counsel for the complainants were permitted to suggest by a leading question the name A. W. Walley. Her mother testified that she had never heard of the alleged soldier and that the respondent was at the home of the step-daughter of the witness, in Arkansas, during the time when Dowdle claims that she was living with the said A. W. Walley at

the home of the witness. Furthermore, it appears from the first of the purported certificates that it was Mr. A. D. Harkins who had married Miss Ruth Shepherd, instead of the said E. D. Harkins, deceased.

There was some testimony to the effect that the respondent and E. D. Harkins were separated at intervals for sometime prior to his death, and to the effect that she did not consider that he was any longer her husband, but there was no proof as to who was responsible for the alleged estrangement between them.

We are of the opinion that the cause should be reversed and remanded for a new trial in order that the issue involved may be determined on competent evidence.

Reversed and remanded.