THOMAS *v.* CONTRACTOR'S MATERIAL CO.

Mar. 17, 1952.

No. 38286 (57 So. (2d) 494)

**V. Ruth Campbell,** and **Barnett, Jones & Montgomery,** for appellant.

674

Lotterhos & Dunn, for appellee.

### Alexander, J.

Appellant is the widow of one Tommie Thomas whose death justified compensation under our Workmen's Compensation Law, Laws 1948, c. 354, provided there is a qualified beneficiary. She was the legal widow of the deceased but at the time of the death of Tommie Thomas, he was living with another woman and appellant was, and had been for six or seven years, living in adultery with one Williams by whom she had several children. She had not lived with Thomas for fifteen years since their separation about 1934. From an adverse judgment by the circuit court affirming the finding of the Commission, this appeal is taken.

The facts may be summarized by the following: Appellant never procured a divorce from Thomas, and was aware of her status as an unlawful consort of Williams. She did not look to Thomas for support and neither needed nor expected such. On the other hand, she held herself out as the wife of Williams and received support from him.

There is brought into view the applicable statute, Chapter 354, Sec. 2(14) of the Laws of 1948, which contains this provision: "The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time,''. It is true that under subsection (18) thereof, a widow is presumed to be dependent, but this is a rebuttable presumption, and the facts are sufficient to uphold the unanimous finding of the Commission that such dependency did not exist.

 Attempt is made to show that appellant left Thomas in 1934 "for justifiable cause." This is not the proper test. Under the statute she must be living apart for justifiable cause or by reason of his desertion. The record shows that she was living apart from Thomas because of her preference for Williams. She had voluntarily established a new household albeit in defiance of the law and the proprieties. She superimposed his name above her former title and the white flags of their union fluttered from the nursery clothes lines. She was not staying apart from her lawful husband for any cause that we can justify.

She had not only abandoned the curtilage of Thomas but had quitted the protection of the law. Between herself and the rights of a beneficiary, she had erected the barrier of estoppel, reinforced by facts that deny her access to the statute. Her plea is inaudible above the accusing protests of outraged law. Her outstretched hands are not clean. Our conclusions are supported by sound authority. Ryan Stevedoring Company v. Henderson, 5 Cir., 138 F. (2d) 348; American Mutual Liability Insurance Company v. Henderson, 5 Cir., 141 F. (2d) 813. See also Harkins v. Cole, 200 Miss. 698, 28 So. (2d) 839.

 It is not helpful to seek support in the legal obligation of a husband for support or separate maintenance. Her status is to be determined in the Act whose benefits she seeks.

Affirmed.

**Roberds, Lee, Arrington** and **Ethridge, JJ.,** concur.