DEEMER LUMBER Co., et al. *v.* HAMILTON.

Division B. May 14, 1951.

No. 37939 (52 So. (2d) 634)

Watkins & Eager, for appellants.

Sanford & Alford, for appellee.

676

**Arrington, C.**

Hartness Hamilton was killed while working in the course of his employment with the Deemer Lumber Company on January 30, 1950. At the time of his death he was 23 years of age, unmarried, and left surviving him his mother, father, two brothers and a sister. Mr. and Mrs. Sidney Hamilton, his parents, filed claims as dependents under the Mississippi Workmen's Compensation Law. The Deemer Lumber Company and its insurance carrier, T. H. Mastin and Company, denied liability on the grounds that the parents were not dependents under the provisions of the Compensation Law and that the decedent violated Section 4 of the Compensation Law in as much as his death was due to a wilful intention to injure himself. A hearing was held by the attorney referee, who found that the decedent was killed in an accident arising out of and in the course of his employment; that Sidney Hamilton, his father, was a dependent parent under the terms of the law and that his mother, Mrs. Sidney Hamilton, was not a dependent within the meaning of the act. The appellant petitioned for a review by the full commission. Upon review, the full commission affirmed the attorney referee's findings. One member of the commission was of the opinion that the order should be amended to include the mother as a dependent. From the affirmance of the full commission, the appellant appealed to the Circuit Court of Neshoba County, where the order of the commission was affirmed.

The sole question presented by this appeal is whether the father, Sidney Hamilton, is a dependent parent under the Workmen's Compensation Law.

The evidence introduced at the hearing shows that Hartness Hamilton, the decedent, had made his home with his mother and father since he returned from military service in the fall of 1946; that he continued to make his home with his parents except that the last three or four months prior to his death he lived with his sister in Deemer, Mississippi, due to the fact that her husband was away from home and her home was nearer his work and the government school that he was attending. He returned home on weekends. It was agreed and stipulated that the deceased was making $27 per week while working with the appellant, Deemer Lumber Company, and in addition to this amount he was drawing $75 per month from the government. He farmed on his father's place in the year 1947 under the government training program and drew the sum of $1040 from the government. He spent a large amount of this money on the family and farm, and made a payment on the farm in the sum of $640. During the years 1948 and 1949 he helped his father plant the crops and work them and when the crops were worked out he would get public work. He gave his pay check regularly to his mother for the family expenses, keeping out only enough for spending money for cigarettes and gas. He also gave her his government check. From this she made payments on his car in the sum of $55.99. The car of Hartness Hamilton was used by his parents whenever they needed it. Mr. Hamilton owned a 125 acre farm and a home but he was in bad health and was able to do little, if any, work. He testified that he depended upon his son, the decedent, for his support and estimated that he paid twenty-five to thirty per cent of the family expenses. The evidence shows that Mrs. Hamilton, in order to supplement the family income, was working at a glove factory; that at the time of the decedent's death she was drawing approximately $20 per week. Since his death, she has been making approximately $29 per week. Although Mr. Hamilton had some income from the farm during 1949,

and Mrs. Hamilton worked at the glove factory, the parents were in debt and in very poor financial condition at the time of the death of Hartness Hamilton. Both Mr. and Mrs. Hamilton testified that they were depending upon the contributions of the decedent for the family support. The family consisted of Mr. and Mrs. Sidney Hamilton and a minor son.

Chapter 354, Laws of Miss. 1948, known as the Workmen's Compensation Law, under "Compensation for death", Sec. 9(e) reads: "If there be no surviving wife or dependent husband or child, or if the amount payable to a surviving wife or dependent husband and to children shall be less in the aggregate than sixty-six and two-thirds per centum (66⅔%) of the average wages of the deceased, subject to the maximum limitation as to weekly benefits as set up in this act; then for the support of grandchildren or brothers and sisters, if dependent upon the deceased at the time of the injury, fifteen per centum (15%) of such wages for the support of each such person and for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the injury, twenty-five per centum (25%) of such wages during such dependency."

Section 9(g) provides: "All questions of dependency shall be determined as of the time of the injury."

It will be observed that Section 9(e) refers only to "dependent" parents. It does not provide that they must be wholly dependent.

Section 2(12) reads as follows: " 'Child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him. 'Grandchild' means a child as above defined of a child as above defined. 'Brother' and 'Sister' include stepbrothers and stepsisters, half

brothers and half sisters, and brothers and sisters by adoption, but does not include married brothers nor married sisters unless wholly dependent on the employee. 'Child,' 'grandchild,' 'brother' and 'sister' include only persons who are under eighteen (18) years of age, and also persons who, though eighteen (18) years of age or over, are wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability.'' The word dependent is not defined in the act, therefore, it is necessary to determine the meaning with reference to whether or not it includes those partially dependent as well as those wholly dependent.

■ ■ It will be observed that the above paragraph uses the words "wholly dependent" three times, therefore, it is plain that the act made a distinction between "wholly dependent" and "dependent". In the case of Lumberman's Reciprocal Association v. Warner, Tex. Com. App., 245 S. W. 664, 665, in answer to the contention that the word dependent, as used in the statute, did not include partial dependents, the Court said: ''The attack made upon the court's action is that the use of the words 'wholly or in part' is adding to the language of the statute. In other words, plaintiffs in error contend that there can be no recovery unless there is a total dependency.

''To this contention we do not agree. The act nowhere defined dependents or dependency. The word is employed in the act only in enumerating the beneficiaries. It simply provides that 'the compensation . . . shall be for the sole and exclusive benefit of . . . dependent parents.' Article 5246-15 [Vernons' Ann. Civ. St. art. 8306, section 8a]. In the common acceptation of the term dependent or dependent person is included one who is dependent in whole or in part upon another for support. Had the legislature intended to restrict compensation to cases in which the beneficiary was wholly dependent upon the injured employee for support, it

could easily have used language to effect that purpose; but, not having done so, the court was without power to do so.''

In Crossett Lumber Company v. Johnson, 208 Ark. 572, 187 S. W. (2d) 161, 162 the Court construed the word dependent as follows: ''Our Workmen's Compensation Law (Act 319 of 1939), in Section II(j) in speaking of unmarried children uses the word 'dependent upon the deceased'; but when speaking of married children uses the words 'wholly dependent upon deceased'; likewise, in speaking of married sisters, uses the term 'wholly dependent upon the deceased.' Then in Section II(k), in speaking of parents, the Act uses the term 'dependent upon the deceased.' Thus, the Act makes a distinction between 'wholly dependent' and 'dependent.' This shows that the evident intent of the lawmakers was to make 'dependent' mean something different from 'wholly dependent'; and the only difference that could exist is that 'dependency' means partial dependency, unless it is stated to mean total dependency.''

In this case, the Court cited Honnold's Workmen's Compensation, Vol. I, page 232, in which, in discussing partial dependency, it is said: ''The phrase 'actual dependents' means dependents in fact whether wholly or partially dependent. Hence it was no defense, in proceedings under an Act using this term, that petitioner and his family were not entirely dependent on deceased. Partial dependency, giving a right to compensation, may exist, though the contributions be at irregular intervals and of irregular amounts, and though the dependent have other means of support, and be not reduced to absolute want.''

To the same effect is the case of H. N. Rogers & Sons Company v. Nelson, 209 Ark. 866, 192 S. W. (2d) 972, which states: ''In Arthur Murray Company, Inc., v. Cole [209 Ark. 61], 189 S. W. (2d) 614, 615, we said:

'' 'The appeal is controlled by Crossett Lumber Company v. Johnson (decided April 23, 1945.) See 187 S. W.

(2d) 161. It was there held that 'dependent,' within the meaning of Act 319, is to be distinguished from 'wholly dependent.' One is dependent if he or she relies partially upon contributions of a person whose aid constitutes a material element in the claimant's support.''

In 58 Am. Jur., Workmen's Compensation, Sec. 162, it is stated: ''. . . It is said that in the construction and application of compensation acts the word 'dependent' should not be given its narrowest nor its most literal meaning. As stated in some cases, the act should be broadly or liberally interpreted, in harmony with its main aim of provided support for those dependent upon a deceased employee . . . As a very general proposition, it may be said that a dependent is one who looked to or relied on the decedent for support and maintenance. Reliance must have been placed upon the deceased employee to provide the applicant for compensation, in some measure or to some extent, with his or her future living expenses. And where this is the case, it is not material that the contributions were made at irregular intervals, or in differing amounts, nor that the money was paid in accordance with the provisions of a contract. The purpose of the statute is to provide the workman's dependent in the future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency, the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing or future support and maintenance seems to be the true criterion as to who are dependents.''

Section 163 of the same text provides: ''A person may be a dependent of an employee within the purview of the statute although the dependence is only partial . . . While according to the construction placed on the term 'dependent' by some of the courts, the applicant, in order to be entitled to compensation, must show that he or she was dependent upon the deceased employee for

the 'ordinary necessaries of life,' in a majority of jurisdictions the view seems to have been accepted that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of support and maintenance in accordance with his or her social position and accustomed mode of life. A person may be a dependent, according to this view, although able to maintain himself without any assistance from the decedent. Even though the person furnishing the support has a smaller income than the alleged dependent, this will not necessarily prevent the existence of a condition of dependency. The test is not in a comparison between the relative ability of the contributor and the alleged dependent, but in the latter's reliance upon the former for maintenance, in whole or in part. A person may be a dependent of the deceased workman although possessed of some property, or supported in part by other members of the family.

In Nolen v. Wortz Biscuit Co., 210 Ark. 446, 196 S. W. (2d) 899, 901, the Court said with reference to the construction of the act: "Merely to consider whether Dorothy made contributions from her Wortz Biscuit Company wages, and to disregard her aid to the family before she went to work for the Wortz Biscuit Company, is to give the Workmen's Compensation Law a narrow and technical construction. ██ ██ We have held repeatedly that the act is to be liberally construed. Hunter v. Summerville, 205 Ark. 463, 169 S. W. (2d) 579; Herron Lumber Co. v. Neal, 205 Ark. 1093, 172 S. W. (2d) 252; Williams Mfg. Co. v. Walker, 206 Ark. 392, 172 [175] S. W. (2d) 380; Elm Springs Canning Co. v. Sullins, 207 Ark. 257, 180 S. W. (2d) 113, 115. In this last cited case we quoted from an earlier case:

" 'Likewise, all courts are agreed that there should be accorded to the Workmen's Compensation Act a broad and liberal construction that doubtful cases should be

resolved in favor of compensation, and that the humane purposes which these acts seek to serve leave no room for narrow technical constructions.' ''

We held in the case of Lucedale Veneer Company v. Rogers, Miss., 48 So. (2d) 148, the construction of the Workmen's Compensation statutes must be sensible as well as liberal. We are of the opinion that the word ''dependent'' as used in the Workmen's Compensation Act means a person who is dependent upon the employee, in whole or in part, for his support and relies on same.

 There was substantial evidence to sustain the findings of the commission and the judgment is affirmed. Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the court below is affirmed.