BRADSHAW, et al. *v.* RUDDER, et al.

No. 40035          March 12, 1956          85 So. 2d 778

*Lipscomb, Ray & Barksdale,* Jackson, for appellants.

*Huff & Williams, Wm. J. Gunn, Jr.,* Meridian, for appellees.

McGEHEE, C. J.

■■ ■ The appellees, Mrs. Myrene G. Rudder and David K. Rudder, Jr., as mother and father of George David Rudder, deceased, are claimants under the Mississippi Workmen's Compensation Act as the sole dependents of the deceased, George David Rudder, who at the time of his death on June 8, 1954, was employed by the appellant, D. L. Bradshaw. The employee was 18 years of age, had no wife or children, and lived with his mother and father, who were 38 and 40 years of age, respectively. His death arose out of and in the course of his employment. He began working for D. L. Bradshaw on April 24, 1954, and had been paid the total sum of $202.76 in wages, covering the six-week period of his employment immediately prior to his death. The attorney-referee found that his average weekly wage was the sum of $33.79, being $202.76 divided by six weeks. This was the correct formula for determining his average weekly wages under the recent decision of this Court in the cases of Pepper et al. v. Barrett, 82 So. 2d, 580, and Mrs. Mamie Elizabeth Schilling et al. v. Mississippi State Forestry Commission et al., Cause No. 39,964, decided February 20, 1956, but not yet reported.

The attorney-referee found that the appellees were the dependents of the deceased employee without regard to whether wholly or partially dependent. Section 9 (g), Chap. 354, Laws of 1948, was amended by Section 9 (g)

of Chapter 412 of Laws of 1950. Section 9 (g) of the 1948 act reads as follows: "All questions of dependency shall be determined as of the time of injury," whereas Section 9 (g) of the 1950 act reads: "All questions of dependency shall be determined as of the time of the injury. A surviving wife, child or children shall be presumed to be wholly dependent. All other dependents (which would include parents) shall be considered on the basis of total or partial dependency *as the facts may warrant.*"

The testimony taken before the attorney-referee shows without dispute that the father was regularly employed and earned an average weekly compensation of $46.70, all of which was devoted to the payment of the family expenses, including the support of the mother of the deceased employee and the board for the son who lived with his parents as their only child. The mother was unemployed.

The decision of the attorney-referee was appealed to the full commission both by the employer and insurance carrier and by the claimants. The commission affirmed the decision of the attorney-referee. The circuit court affirmed the decision of the commission which had affirmed the decision of the attorney-referee as aforesaid, to the extent of treating the claimants as if they were wholly dependent upon the deceased employee, but the circuit court found that the average weekly wages of the deceased employee were $50.13 instead of $33.79; and the court also ordered and adjudged that the "Carrier and Employer be penalized as provided by the Mississippi Workmen's Compensation law for damages at the rate of five per centum on $33.79 and costs, as set out in Section 1971, Mississippi Code Annotated of 1942 as amended."

No penalties had been assessed by the commission, and the records fail to disclose any facts, if such existed, for the assessment of any penalties against the employer and the insurance carrier. Moreover, Section

1971 of the Mississippi Code of 1942 only authorizes *the Supreme Court* to "render judgment against the appellant for damages, at the rate of five per centum and costs, * * *," and provides that "if the judgment or decree affirmed be for a sum of money the damages shall be upon such sum. * * *" This assessment of five percent penalty by the circuit court was erroneous, as was likewise his finding that the average weekly wage of the deceased employee was $50.13 instead of $33.79.

As heretofore stated, the cases of Pepper et al. v. Barrett and Schilling et al. v. Mississippi State Forestry Commission et al., supra, sustained the correctness of the decision of the attorney-referee and the full commission in computing the average weekly wage of the deceased employee during the six-week period that he was employed by the appellant, D. L. Bradshaw, prior to the death of the employee.

It appears from the testimony that an automobile had been purchased in July 1953 at the sum of $2,640, and that the same had been purchased in the name of David K. Rudder, Jr., the father of the employee, because the bank required that the note for the purchase price be signed in the name of the father because of his son's minority. However, the proof further discloses that the automobile was considered to be that of the son but was used as the family car. The monthly payments on the note for the purchase price were in the sum of $74.96 each, and the payments were made from the wages earned by the son; that the son retained from his wages ten or fifteen dollars per week for his personal expenses; and he received his board and lodging at the expense of his parents, the value of which is not shown by the proof. After meeting the monthly payments on the automobile of $74.96, or $18.75 per week, together with the $12.50 per week retained for his personal expenses, there would have been left out of his average weekly wages of $33.79 only the sum of $2.84 per week as a contribution

to the family expenses. However, we are unable to say that the attorney-referee and the commission were warranted under the evidence in treating the automobile other than as the family car, and the payments thereon should be treated as a contribution to the family expenses the same as if they had been a payment on a refrigerator, an electric or gas stove, or on the grocery bill or on some other expenses incurred for the family. Moreover, the father was liable on his promissory note for any unpaid installments on the automobile at the time of his son's death.

Evidently the attorney-referee, the commission, and the circuit court followed the case of Deemer Lumber Company v. Hamilton, 211 Miss. 673, 53 So. 2d 634, which was governed by Chapter 354 of the Laws of 1948, and which made no distinction between parents who were wholly dependent upon the deceased and those who were only partially dependent. It is therefore contended that they failed to give effect to the amendment of Section 9 (g) of Chapter 354 of the Laws of 1948 which added thereto, among other things, the following: "All other dependents shall be considered on the basis of total or partial dependency as the facts may warrant."

Appellant contends that under the statute the average weekly wages of the deceased should have been reduced by the commission in the proportion that the facts show that appellees were dependent upon their deceased son; that they were only partially dependent, and under the 1950 amendments to the Workmen's Compensation Act, their benefits under the statute were reduced to the percentage of their dependency upon the employee, and that the case should be remanded in order that the commission should determine the extent of such dependency.

Prior to the 1950 amendments, the effects of the statute with reference to dependency were outlined in detail in Deemer Lumber Co. v. Hamilton, 211 Miss. 673, 52 S. 2d 634 (1954). It was there held that the statute

does not provide that dependent parents must be wholly dependent; that in the common acceptation of the term dependent person "is included one who is dependent in whole or in part upon another for support"; that the dependency statutes should be given a liberal interpretation; that partial dependency extends to contributions at irregular intervals and of irregular amounts, even though "the dependents have other means of support and be not reduced to absolute want"; that the test of dependency under the statute is not the relative ability of the contributor and the alleged dependent, "but in the latter's reliance upon the former for maintenance, in whole or in part."

The effect of appellants' argument on this point is that the 1950 amendments hereinafter stated nullify the Deemer Lumber Company decision both (a) as to its difinition and description of dependency and (b) as to its statement of the method of computing dependency benefits. We do not think that the 1950 amendments were intended to have that effect.

Code of 1942 (Recompiled), Section 6998-13 contains the provisions for death benefits. It outlines the percentage of award to be made to a widow, child, widower, grandchildren, brothers and sisters, and in every instance uses the word "dependent" without the requirement therein that they must be "wholly dependent." Subsection (e) of that statute then provides the following benefits: "For the support of each parent * * * of the deceased if dependent upon him at the time of injury fifteen per centum (15%) of such wages during such dependency." These provisions in the 1948 Act., Miss. Laws 1948, Chapter 354, were not changed in any respect by the 1950 amendments, except to reduce the parents' percentage from 25 to 15 percent of the wages. Subsection (g) prior to the 1950 amendment provided: "All questions of dependency shall be determined as of the time of the injury." Miss. Laws 1950, Chapter 412,

Section 7, added to the preceding sentence the following: "A surviving wife, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependency as the facts may warrant."

The only other 1950 amendment which made any reference to partial dependency was passed in the same bill as the above. It amended Section 6(b), Miss. Laws of 1948, Chapter 354, so as to increase the minimum compensation under the act to $10.00 from $7.00, and to add the following phrase "except in partial dependency cases." Miss. Laws 1950, Chapter 412, Sec. 4. So Code Section 6998-07, as amended in 1950, now provides: "Compensation for disability or in death cases shall not exceed twenty-five dollars ($25.00) per week, nor less than ten dollars ($10.00) per week, except in partial dependency cases."

The foregoing amendments to Sections 6998-13 (g) and 6998-07 were passed in the same bill and are the only references in the entire statute to partial dependency. The death benefit provision, Section 6998-13, refers only to "dependent parents, and contains the same language, other than the amendment to subsection (g), as was in the 1948 act which was interpreted in the Deemer Lumber Company case. So the death benefit section still provides only that parents must be "dependent" in order to receive fifteen percent of the employee's average weekly wages.

The other relevant part of the act is Section 6998-02, subsections (12), (13), (14), and (15). These are substantially unchanged from the terms of the statute which were interpreted in the Deemer Lumber Company case. Those subsections all provide that the designated dependents shall be "dependent", with only two exceptions: a married brother or sister must be wholly dependent; and persons 18 years of age and over who are incapable of self-support by reason of mental or phy-

sical disability, must be "wholly dependent" upon the deceased employee. Neither of these exceptions are pertinent here. The opinion in Deemer Lumber Company v. Hamilton, supra, called attention to these provisions, precedent to holding that "dependent" parent includes one who is partially dependent, and a partially dependent parent is entitled to the full benefits under the act.

■■■ We do not think that the 1950 amendments to Code Sections 6998-13 (g) and 6998-07 abrogated the decision in the Deemer Lumber Company case as to the definition of dependency or the method of computing dependency benefits. These two 1950 amendments should be read together. Prior to their effective dates, and before the Deemer Lumber Company decision which was based on facts existing before the 1950 amendments but which decision was handed down on May 4, 1951, it was apparently thought by the Legislature that the word "dependent" as used in the statute was ambiguous in that it made no specific reference to persons partially dependent, and in that there was an apparent conflict in the minimum weekly compensation of $7.00 at that time and the lesser death benefits a dependent parent would usually obtain. These apparently were the issues toward which the Legislature directed these amendments.

A general summary of the problem is set forth in a note in 20 Miss. L. J. 223, 224 (1949): "When there are no conclusive presumptions to aid them, courts have indulged in broad definitions of 'dependency'. In considering these general expressions it should be borne in mind that nearly all workmen's compensation statutes draw some distinctions between parties 'totally' or 'wholly' dependent upon the injured workman, and those 'partially' dependent or merely 'dependent' upon him. In Arkansas and Florida these distinctions have been reached indirectly through the means of statutory definitions of different classes or relationships, which include in some classes only claimants 'wholly dependent',

and include in other classes only claimants 'dependent' on the deceased. The courts of these two states have followed through with these distinctions, and it is likely that Mississippi, whose statutory definitions of classes of dependents are almost identical will do the same. If the decisions of these two states are followed, and in view of the manner of computation of the size of the award to be granted under the Mississippi law, it would seem that the result of a finding of partial dependency of certain classes of claimants would result in a denial of any award rather than a reduction in the size of an award granted as in the principal case."

The fact of this ambiguity at that time was recognized in an article by the then Secretary of the Workmen's Compensation Commission, in which it was said that the 1948 Act "did not specifically provide for partial dependency, and thus overlooked many deserving claimants. The awards had to provide either full compensation for dependency or no compensation at all. * * * Many parents who were only partially dependent upon the deceased will now be able to receive some continued help through compensation, whereas formerly they might have been excluded." Shanahan, Recent Amendments to the Mississippi Workmen's Compensation Act, 22 Miss. L. J. 25, 29-30 (1950). Of course the Deemer Lumber Company case, which was decided after the 1950 amendments, specifically held that the Act covered partial dependency, because such a person was "dependent" under the act. Hence the above statement clearly indicates the commission had proceeded upon an incorrect assumption. The Deemer Lumber Company case clarified that question, but it was decided after the 1950 amendments were passed.

██ ██ At any rate, we think that the legislative intent in enacting the two 1950 amendments above referred to was designed to clarify this apparent ambiguity, which was removed as such at a later date in the Deemer

Lumber Company case. The first sentence of the 1950 amendment to Section 6998-13 (g) was surplusage, since Section 6998-02 (12) and (14) already had the effect of awarding benefits to the surviving wife or child. The remaining sentence in subsection (g), "all other dependents shall be considered on the basis of total or partial dependency as the facts may warrant", was manifestly intended to mean that such dependents shall be "considered" *for the purpose of determining whether they are dependent* "on the basis of total or partial dependents as the facts may warrant." We do not think that this Court should insert after the verb "considered" the phrase "for the purpose of determining the amount of the award", which is urged by appellant. In the light of the above stated legislative and administrative history, we think that the last sentence of subsection (g), Section 6998-13, was intended to have a more restricted meaning, and was directed toward clarifying the ambiguity in the use of the word "dependent", so as to make it clear that the same included those who were partial dependents.

The amendment to Section 6998-07, providing for a minimum weekly compensation of $10.00 "except in partial dependency cases", permits the payment to a dependent under Section 6998-13 of an amount less than the minimum, (a) where his statutory compensation is less than that amount, and (b) where such dependent is partially and not wholly dependent on the deceased employee. If he is wholly dependent, then the $10.00 applies.

This interpretation of the construction of the act by the commission prior to the 1950 amendment and the Deemer Lumber Company case is further supported by the fact that the attorney-referee and the commission here refused to make a partial reduction of the deceased employee's average weekly wages, based upon any alleged percentage of dependency.

Moreover, we are dealing with a question of legislative intent. If we should sustain the contention of appellants as to impartial dependency, we would have to adopt one of the highly varied and complicated formulae for computing dependency benefits of a partial dependent, which are set forth in 2 Larson, Workmen's Compensation Law (1952), Section 64.20. But ''these statutory provisions are highly varied'' and involve entirely a question of legislative discretion. Amendment of this type to the statute must be done legislatively. It cannot be written judicially. The Legislature in drafting the Workmen's Compensation Act was well aware of the various kinds of compensation statutes, yet it wholly failed to provide for any method of computing a reduced percentage of benefits for partial dependents. So we cannot assume that it intended to do so.

Furthermore, there have b e e n several special and regular sessions of the Legislature since the decision in Deemer Lumber Company v. Hamilton, and the interpretation of the act spelled out in that case has not been revised to date. Allowing appellees full dependency benefits under Section 6998-13, and computing the same on the basis of 15 percent of the deceased's average weekly wages of $33.79, results in an award to each of the appellees, mother and father of the deceased, of the pitifully small sum of $5.07 a week, or a total for both parents of $10.14 per week for 450 weeks. We do not think that the Legislature intended, under the circumstances outlined above, to direct the commission and the courts to estimate a percentage of dependency under the act, for example, 50 percent, and then to authorize the award to a partially dependent parent of 50 percent of $5.07, or $2.54 a week for the mother and the same amount for the father. All of these factors clearly indicate that the Legislature did not intend that partial dependents be dealt with any differently from dependents as defined in Deemer Lumber Company v. Hamilton.

██ ██ Under the authority of that case and relevant provisions of the statute, the commission was amply warranted in finding that both of appellees were under the act dependents of their deceased son, and were entitled to death benefits under Section 6998-13.

We do not deal with the question raised in the brief of appellants as to whether or not the reasonable value of the son's board and lodging should be taken into consideration for the reasons that we would get into the question of the duty of parents to support an unmarried minor son and their corresponding right to receive all of his wages. The record fails to disclose that the parents intended to charge the son with the reasonable value of his board and lodging, and we do not feel justified in doing so ourselves. Moreover, he may have performed chores about the place that would have adequately compensated for his board and lodging, aside from any other contributions that he may have made for the support of his mother.

It follows that the judgment of the circuit court must be reversed in part, and the judgment of the Workmen's Compensation Commission should be reinstated.

Affirmed in part, reversed in part, and remanded.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.