MID-STATE PAVING COMPANY, et al. *v.* FARTHING, et ux.

No. 40751       April 14, 1958       101 So. 2d 850

334

*Vardaman S. Dunn,* Jackson, for appellants.

*Arrington & Arrington,* Hazlehurst, for appellees.

ETHRIDGE, J.

The attorney-referee, Workmen's Compensation Commission and the circuit court successively awarded dependency benefits under the Workmen's Compensation Act to appellees J. W. Farthing and wife. Their son Thomas Farthing was killed on October 4, 1955, as the result of an accident arising out of and in the course of his employment with appellant Mid-State Paving Company. The only question on this appeal is whether the finding of the Commission that appellees were dependents of the deceased employee is supported by substantial evidence.

Appellees, in their late sixties, live on their 60-acre farm in Holmes County. Thomas was 35 years of age at the time of his death in October 1955. He married in March of that year and separated from his wife not later than September 1955. Before his marriage he made his home with his parents, except for periods of time when he was working on construction project as a common laborer. Thomas was the only one of appellees' four children who helped them. The record reflects that he claimed them as dependents in naming his federal income tax exemptions. He made contributions in cash to his parents on numerous although irregular occasions, and had been doing so for many years. He did the heavy manual

labor on the farm, and frequently bought groceries for them. After his separation from his wife, Thomas was planning on coming home and resuming his old relationship with his parents, but death intervened. He had remained single and lived on the farm with his parents all of his life, except for the brief period of his unsuccessful marriage. Certainly he helped and assisted them in every way a son can, within his abilities, and he continued to do that after his marriage.

██ The term "dependent" must be liberally interpreted, and includes those partially dependent as well as those wholly dependent. So one is dependent if he relies upon the employee, in whole or in part, for his support. Deemer Lbr. Co. v. Hamilton, 211 Miss. 673, 52 So. 2d 634 (1951), in which a father was found to be partially dependent on his son, is on its facts persuasive in this case. ██ Where reliance is placed upon the deceased employee to provide the applicant for compensation, in some measure or to some extent, with his or her future living expenses, it is not material that the contributions were made at irregular intervals or in different amounts. ██ The statute's purpose is to provide the workman's dependent in the future with something in substitution for what has been lost by the workman's death. ██ Claimant must show that he had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing future support and maintenance is the principal criterion. 58 Am. Jur., Workmen's Compensation, Sec. 162.

Dunn, Miss. Workmen's Compensation, (1957) Sec. 136, makes this further observation: "However, if the test, above stated, is met by one claiming partial dependency, it is not material (1) that contributions are made or expected at irregular intervals, or (2) that the claimant was able to maintain himself, or (3) that claimant was possessed of some property, or (4) that claimant was supported in part by others or from other sources,

or even (5) that the claimant had an income which exceeded that of the employee. The support requirement, moreover, does not mean that claimant must show that he will be destitute and without the bare necessities of life." See also Bradshaw v. Rudder, 85 So. 2d 778, (Miss. 1956), where a father and mother were held to be dependents of a minor unmarried son. Cf. Fernwood Industries, Inc. v. Mitchell, 219 Miss. 331, 68 So. 2d 830 (1953); Aultman v. Crosby Chemicals, Inc., 222 Miss. 98, 75 So. 2d 458 (1954).

Considering these criteria under the statute, in the light of the facts outlined above, it is manifest that the Commission was warranted in concluding that appellees were partially dependent upon their son Thomas at the time of his death, and that they had reasonable grounds to anticipate continuing future support from him. Accordingly, they were his dependents within the terms of the Act.

Appellees' motion for 5 percent statutory damages on all installments which have become due and now remain unpaid, and 6 percent interest on these unpaid installments is sustained. Sunnyland Contracting Co. v. Davis, 221 Miss. 756, 75 So. 2d 923 (1954). The same pleading contains a motion for attorneys' fees in the amount of one-third of the award, which is sustained. The judgment will allow the same as full compensation for all services rendered in this case by appellees' attorneys, with the fee to be computed and allowed in the manner and form set forth in Sunnyland Contracting Co. v. Davis, 221 Miss. 755, 75 So. 2d 638 (1954).

On the merits, affirmed and remanded to Workmen's Compensation Commission; motion for statutory damages, interest and attorneys' fees sustained.

*McGehee, C. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.