MAGNOLIA CONSTRUCTION COMPANY, et al., DEFENDANTS-APPELLANTS *v.* DEPENDANT OF STOVALL, DECEASED, CLAIMANT-APPELLEE

No. 43173 October 26, 1964 168 So. 2d 297

*Bob Ray,* Jackson, for appellant.

*Armstrong* & *Hoffman,* Hazlehurst, for appellees.

PATTERSON, J.

Matilda Stovall Benson claims workmen's compensation benefits as a dependent of Hurley Stovall, her son, from Magnolia Construction Company and its insurer. It is stipulated that Hurley Stovall was killed July 9, 1962, during the course of his employment while earning an average weekly wage of $45.00.

The issue to be determined is whether the Workmen's Compensation Commission had substantial evidence upon which to base its order denying the application of claimant. The Circuit Court, on appeal, held that it did not. We affirm the Circuit Court.

Matilda Stovall Benson, claimant, was first married to John Stovall who died twenty or more years ago. Hurley Stovall, then thirteen years of age, the sixth child of this marriage, began working at a sawmill after his father died. This employment continued for several years and was followed by employment in a box factory in Hazlehurst, Mississippi, which employment continued until Hurley was approximately twenty or twenty-one years of age. During the entirety of this time Matilda collected the wages earned by her son and used the same to purchase food and clothing for both of them.

Hurley married one Ageline Bogan when he was seventeen years of age and lived with her about one week. His wife separated from him and thereafter moved to California where she has since remarried. No question arises as to her dependency.

The decedent was convicted of manslaughter on December 14, 1957, and sentenced to serve twenty years in the state penitentiary. Matilda borrowed $500.00 for employment of counsel for her son's representation at the time of his trial. This was repaid by Matilda's

earnings from picking cotton and other incidental chores. Matilda again borrowed $400.00 to employ counsel to aid in securing her son's parole or release from the penitentiary which was effectuated on May 25, 1962, some eight years after his incarceration.

In 1957 Matilda married Sam Benson, a retired pensioner of the age of eighty-five, who receives a pension check in the sum of $155.00 per month. Sam lives with Matilda in her home and contributes the sum of $18.00 per month to Matilda for their food, which is wholly insufficient for Matilda's support as is signified by her undisputed testimony as follows: "No, Sir, he bought this here little $15.00 or $16.00 worth of groceries and when that was out it was out and if I didn't get out and work and go around white folks and beg and work for something to eat, I didn't get it."

Hurley returned to Hazlehurst the first part of June, 1962, and shortly thereafter obtained work with the defendant, which continued for less than a month when he was killed during the course of his employment. Hurley received only four weekly pay checks during this time, a part of the proceeds therefrom being given to Matilda, with whom he lived, for groceries and clothing for Matilda and himself.

From the two above-mentioned factors, Matilda's marriage to Sam Benson and his resultant legal duty to support his wife and the fact that Matilda expended the sums mentioned for her son's benefit, to obtain counsel, it is argued that Matilda was not in fact partially dependent upon her son for support, but rather that he was a dependent of his mother.

The term 'dependent' has been construed by this court and other courts as being related to the ordinary necessities of life. Fernwood Industries, Inc. v. Mitchell, 219 Miss. 331, 68 So. 2d 830. This does not include, in our opinion, attorneys fees, that not being an ordinary necessity of life; and further, in Fernwood

*supra* we find, "As a very general proposition, it may be said that a dependent is one who looked to·or relied on the decedent for support and maintenance. Reliance must have been placed upon the deceased employee to provide the applicant for compensation, in some measure or to some extent, with his or her future living expenses. And where this is the case, it is not material that the contributions were made at irregular intervals, or in differing amounts, nor that the money was paid in accordance with the provisions of a contract. The purpose of the statute is to provide the workman's dependent in the future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency,· the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing or future support and maintenance seems to be the true criterion as to who·are dependents." 219 Miss. at 336, 68 So. 2d at 832. This dependency is determined as of the time of the injury by looking to the past to determine the reasonable expectations of support in the future. Fernwood, *supra.*

 In considering these principles· of law as they relate to the above undisputed facts, it is evident that Matilda was in fact partially dependent upon her son for the ordinary necessities of life at the time of his death, he having contributed to his mother's support for which she had desperate need, from the age·of thirteen until his death, exclusive of the time he was incarcerated, and more important, he contributed to his mother's support upon his release from the penitentiary as he had always done theretofore when·gainfully employed.

 The cases of this court are legion to the effect that the Workmen's Compensation Commission will not be reversed if there be substantial evidence to· support

its decision; see Milton Evan Pryor v. Woodall Industries, Inc. and Zurich Insurance Company, 250 Miss. 250, 167 2d 920. We do not here depart from this rule. However, the record discloses no evidence to support the decision of the Commission. It is, therefore, our duty to affirm the decision of the circuit court which reversed the Commission's denial of compensation and properly awarded benefits to the claimant. Central Electric Power Assn. v. Hicks, 236 Miss. 378, 110 So. 2d 351.

Affirmed and motion for attorneys fees sustained.

*Lee, C. J., and McElroy, Rodgers and Jones, JJ.,* concur.