GILLESPIE, Presiding Justice:
Howard Franklin West, unmarried, died from injuries which arose out of and in the court of his employment. His mother, two sisters and a brother claimed compensation benefits. Upon a hearing, the attorney referee found for claimant on the basic issue of dependency. The employer and its compensation carrier appealed to the Workmen’s Compensation Commission and the award was affirmed. On further appeal to the circuit court, the Commission’s order was affirmed. The employer and compensation carrier appealed to this Court.
We are of the opinion that there was substantial evidence to support the Workmen’s Compensation Commission’s finding that the mother and sisters of the deceased employee were partially dependent upon him. The most that can be said in behalf of the contention of appellants in this regard is that there was some conflict in the evidence. The Commission resolved this conflict in favor of claimants, and we find no valid reason to disturb this finding of the trier of facts.
Appellants also contend that the deceased, employee’s mother and sisters were not partially dependent upon the deceased, because (1) at the time of the employee’s death his father was subject to a decree of the chancery court directing him to pay to employee’s mother the sum of $110 per *644 month support money, and (2) a few months before employee’s death and while he was living in California, his mother and father borrowed $350 from a bank and sent it to their son, the deceased employee, to be used in settling some kind of trouble, the nature of which does not appear in the record. The mother testified that she had not received any of the support money ordered by the chancery court to be paid her by her husband. In connection with the money sent to the deceased employee while he was in California, the proof on behalf of claimants shows that the employee had been sending his mother regular sums of money for about a year. About a month before employee returned home from California, he became involved in some kind of difficulty, and his mother and father borrowed $350 which was used in settling the difficulty. These two factors did not require a finding by the Commission that the mother and sisters were not partially dependent upon the deceased employee. In Magnolia Construction Company v. Stovall’s Dependent, 250 Miss. 761, 168 So.2d 297 (1964), the Court rejected a similar contention.
Everett West, Jr., a brother of the deceased, was listed as a claimant along with the mother and two sisters. No attempt was made to show that Everett West, Jr., who was over eighteen years of age at the time of the death of Howard Franklin West, was wholly dependent upon the deceased and was incapable of self support by reason of mental or physical disability. Miss. Code 1942 Ann. § 6998-02(12) (Supp.1966). The attorney referee, whose order was affirmed by the Commission, did not make any specific finding regarding Everett West, Jr. one way or the other, but merely ordered compensation paid to the claimants as provided by the Act. Everett West, Jr. was not shown to be entitled to any compensation, and no doubt the Commission and the circuit court would have eliminated him as a claimant if an assignment of error had specifically brought the matter into focus. Upon remand, the Commission should eliminate Everett West, Jr. as a claimant.
We are of the opinion and so hold that the case should be affirmed and remanded to the Commission for further administration of the case.
Affirmed and remanded to the commission.
RODGERS, PATTERSON, INZER and ROBERTSON, JJ., concur.-