426 So.2d 796 (1983)
UNION CAMP, INC. and Liberty Mutual Insurance Company
v.
DEPENDENTS OF Steven Morris McCALL, Deceased.
No. 53622.
Supreme Court of Mississippi.
February 16, 1983.
Mitchell, McNutt, Bush, Lagrone & Sams, John S. Hill, Tupelo, for appellants.
Coleman & Coleman, Lee S. Coleman, West Point, for appellees.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Chickasaw County which affirmed an order of the Workmen's Compensation Commission awarding the parents of Steven Morris McCall, deceased, appellees, partial dependency death benefits. Decedent was killed on December 7, 1979, while employed by Union Camp, Inc., when he was caught in a piece of machinery on his employer's premises. Union Camp, Inc., and its carrier, Liberty Mutual Insurance Company, appellants, have appealed from the circuit court's order. We affirm.
On December 7, 1979, Steven Morris McCall, decedent, was killed when he was caught in a piece of machinery while in the employ of Union Camp, Inc. At the time of his death, decedent was twenty years old and had worked for Union Camp, Inc., for approximately six months. He earned approximately $200 per week.
*797 Decedent had resided with his parents on their 13-acre farm prior to his death. His father is an employee of South Central Bell where he earns approximately $25,000 a year, while his mother is employed by Pep Industries where she earns approximately $10,000 a year.
Decedent performed the heavy manual labor around his family's farm due to his father's age and high blood pressure. He kept the thirteen acres mowed and cultivated a half-acre garden which provided the family with their fresh vegetables. Decedent also purchased a second car for the family which was used by each member for various functions. In addition to making these contributions, decedent paid $100 to $130 a week to help defray the expenses of his family. Decedent paid approximately one-third of the household expenses even though he did not generate one-third of the cost of operating the household.
Upon the death of Steven Morris McCall, his parents filed this action alleging partial dependency upon decedent and therefore they were entitled to death benefits. The administrative judge found that decedent's parents were partially dependent upon him and entitled to death benefits in the amount of 15% of the wages of decedent for support of each parent during such dependency. The full commission affirmed the order of the administrative judge. On appeal to the Circuit Court of Chickasaw County, the order of the commission was affirmed.
Did the commission err in ruling that appellees were partial dependents of Steven Morris McCall, deceased?
Appellants contend in their first proposition that the evidence failed to support the commission's findings that decedent's monetary contributions and labor around the family's residence were of such a nature and extent as to cause the loss of said contributions to result in a reduced standard of living by appellees.
Mississippi Code Annotated section 71-3-25(e) and (g) (Supp. 1979) provides as follows:
71-3-25. If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following:
(e) If there be no surviving wife or dependent husband or child, or if the amount payable to a surviving wife or dependent husband and to children shall be less in the aggregate than sixty-six and two-thirds percent (66 2/3%) of the average wages of the deceased, subject to the maximum limitations as to weekly benefits as set up in this chapter, then for the support of grandchildren or brothers and sisters, if dependent upon the deceased at the time of the injury, fifteen percent (15%) of such wages for the support of each such person; and for the support of each parent or grandparent of the deceased, if dependent upon him at the time of the injury, fifteen percent (15%) of such wages during such dependency. But in no case shall the aggregate amount payable under this subsection exceed the difference between sixty-six and two-thirds percent (66 2/3%) of such wages and the amount payable as hereinbefore provided to surviving wife or dependent husband and for the support of surviving child or children, subject to the maximum limitations as to weekly benefits as set up in this chapter.
(g) All questions of dependency shall be determined as of the time of the injury. A surviving wife, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependence as the facts may warrant. (emphasis ours).
In Mid-State Paving Co. v. Farthing, 233 Miss. 333, 101 So.2d 850 (1958), this Court stated:
The term "dependent" must be liberally interpreted, and includes those partially dependent as well as those wholly dependent. So one is dependent if he relies upon the employee, in whole or in part, for his support. Deemer Lbr. Co. v. Hamilton, 211 Miss. 673, 52 So.2d 634 (1951), in which a father was found to be *798 partially dependent on his son, is on its facts persuasive in this case. Where reliance is placed upon the deceased employee to provide the applicant for compensation, in some measure or to some extent, with his or her future living expenses, it is not material that the contributions were made at irregular intervals or in different amounts. The statute's purpose is to provide the workman's dependent in the future with something in substitution for what has been lost by the workman's death. Claimant must show that he had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing future support and maintenance is the principal criterion. 58 Am.Jur., Workmen's Compensation, Sec. 162.
Dunn, Miss. Workmen's Compensation, (1957) Sec. 136, makes this further observation: "However, if the test, above stated, is met by one claiming partial dependency, it is not material (1) that contributions are made or expected at irregular intervals, or (2) that the claimant was able to maintain himself, or (3) that claimant was possessed of some property, or (4) that claimant was supported in part by others or from other sources, or even (5) that the claimant had an income which exceeded that of the employee. The support requirement, moreover, does not mean that claimant must show that he will be destitute and without the bare necessities of life." See also Bradshaw v. Rudder, [227 Miss. 143] 85 So.2d 778, (Miss. 1956), where a father and mother were held to be dependents of a minor unmarried son. Cf. Fernwood Industries, Inc. v. Mitchell, 219 Miss. 331, 68 So.2d 830 (1953); Aultman v. Crosby Chemicals, Inc., 222 Miss. 98, 75 So.2d 458 (1954). (233 Miss. at 336-37, 101 So.2d at 851-52).
See also Magnolia Construction Co. v. Stovall's Dependents, 250 Miss. 761, 168 So.2d 297 (1964); Bradshaw v. Rudder, 227 Miss. 143, 85 So.2d 778 (1956); Fernwood Industries, Inc. v. Mitchell, 219 Miss. 331, 68 So.2d 830 (1953); and Deemer Lbr. Co. v. Hamilton, 211 Miss. 673, 52 So.2d 634 (1951).
In Mid-State Paving Co., supra, the parents were found partially dependent upon their deceased son's earnings where the proof disclosed that the son claimed his parents as dependents on his federal income tax returns, made cash contributions to his parents on numerous although irregular occasions for many years, performed the heavy manual labor on the 60-acre farm and frequently bought groceries. Decedent had resided on the farm with his parents all his life except for a brief period of time when he married. In Bradshaw, supra, partial dependency of the parents of a deceased 18-year-old son were found where the father was regularly employed and earning $46.70 a week which was devoted to the payment of the family expenses. The deceased son lived with his parents and purchased an automobile for the family's use. Although only $2.84 per week was left for contribution to the family's expenses after the car note was paid and $12.50 per week retained for personal expenses, the court found that the commission was warranted in treating the payments on the automobile as a contribution to the family.
In Deemer Lumber Co., supra, this Court upheld a finding that a deceased son's father was partially dependent on his earnings where the decedent had lived with his parents except during the last three or four months prior to his death. There the evidence revealed that in 1947 the son had farmed on his father's 125-acre farm and spent a large amount of the $1040 he received from the government on the family and farm, including a $640 payment on the farm. In 1948 and 1949 the son helped his father plan and work the crops and gave his pay check and government check to his mother for the family expenses, keeping out only enough for spending money. The mother in return made payments on the son's car which was used by the entire family. Although the father had some income from his farm in 1949, the parents were in very poor financial condition. The father was likewise in poor health and able to do little, if any, work.
In the present case, the appellees had a substantial income; however, the evidence *799 was undisputed that their son's income was used to pay at least a third of the family's expenses. Besides his cash contributions for groceries and expenses, the son's automobile, which was purchased and paid for by him, was used by the family for family errands and business. In addition to his monetary contributions, decedent performed the heavy manual labor around the family's small farm which his father was unable to handle. Since his death, the farm has gone virtually uncared for.
The rule is well established that the commission is the trier of fact. Day-Brite Lighting, etc. v. Cummings, 419 So.2d 211 (Miss. 1982). Where the evidence substantially supports the order of the commission, this Court will not disturb its findings. Mississippi Research & Development Center v. Dependents of Shults, 287 So.2d 273 (Miss. 1973). It is true that appellees enjoy a substantial income from their employment. However, upon this record, we are unable to say that the commission's finding that appellees were partial dependents of decedent at the time of his death, was not supported by substantial evidence.
Appellants also contend that the benefits received by the deceased were substantially equal to his contributions so that the loss of his contributions did not reduce the appellees' standard of living because decedent was doing nothing more than "pulling his weight." See 2 Larson's Workmen's Compensation Law, § 63.12(b) (1981). We have previously rejected such an argument in Bradshaw, supra, wherein this Court stated:
The record fails to disclose that the parents intended to charge the son with the reasonable value of his board and lodging, and we do not feel justified in doing so ourselves. Moreover, he may have performed chores about the place that would have adequately compensated for his board and lodging, aside from any other contributions that he may have made for the support of his mother. (emphasis ours). (227 Miss. at 156, 85 So.2d at 783-84).
In the absence of any evidence that appellees intended to charge decedent with the reasonable value of his board and lodging, we find there is no merit in this contention.
Did the commission err in failing to prorate the death benefits upon a finding of partial dependency?
Although we do not believe this assignment of error is properly before the Court, appellants' contention was answered by this Court in Bradshaw, supra:
The Legislature in drafting the Workmen's Compensation Act was well aware of the various kinds of compensation statutes, yet it wholly failed to provide for any method of computing a reduced percentage of benefits for partial dependents. So we cannot assume that it intended to do so. (227 Miss. at 155, 85 So.2d at 783).
Since Bradshaw, supra, the legislature has failed to provide any method of computing a reduced percentage of benefits for partial dependents. We cannot assume the legislature intended to do so.
Based on the foregoing, this case is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.