BROCHU'S CASE.

York.     Opinion November 28, 1930.

*Joseph E. Harvey*, for plaintiff.
*Strout and Strout*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J.   Workmen's Compensation. On appeal from
decree of single justice affirming decision of Industrial Accident
Commission awarding compensation to petitioner.

Joseph I. Lachance was injured on October 1, 1926 while in the
course of his employment by an accident arising out of his employ-

ment. His death, which occurred on December 12, 1929, was a result of the accident. Compensation for total disability was paid to him from the time of the injury to the date of his death.

At the time he received the injury, he was a widower and had dependent upon him but one child, then fourteen years of age, the petitioner in this case.

In July 1928, she married. On March 15, 1930, she reached the age of eighteen. At the time of her marriage she ceased to be actually dependent upon her father and was not thereafter so dependent upon him.

On August 22, 1930, petitioner having filed a claim on March 31, 1930 for compensation as a dependent child of Joseph I. Lachance, the Commission ordered payments continued from the date of last payment to deceased for a period not to exceed three hundred weeks from the date of injury, the total amount paid not to exceed four thousand dollars.

Two questions are involved in the consideration of this case. (1) Whether the marriage of petitioner previous to her father's death bars her right to compensation as a dependent? (2) If this question be answered in the negative, then did her right to compensation as a dependent terminate when she reached the age of eighteen?

The case is governed by the provisions of Sec. 1, Chap. 222, P. L. 1921, and Sec. 2, Chap. 201, P. L. 1925, the laws in force at the time of the accident, which read:

"If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury, a weekly payment equal to two-thirds his average weekly wages, earnings or salary, but not more than eighteen dollars nor less than six dollars a week, for a period of three hundred weeks from the date of the injury, and in no case to exceed four thousand dollars."

" 'Dependents' shall mean members of the employee's family or next of kin, who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury.

The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

＊   ＊   ＊

(C) A child or children, including adopted and step-children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning) upon the parent with whom he is or they are living, or upon whom he is or they are dependent at the time of the death of said parent, there being no surviving dependent parent.

＊   ＊   ＊

In all other cases questions of entire or partial dependency shall be determined in accordance with the fact, as the fact may have been at the time of the accident."

Petitioner did not come within the class described in clause (c). She was neither living with her father at the time of his death nor actually dependent upon him at that time. She was not therefore "conclusively presumed to be dependent." But there are two classes of dependents who may receive compensation under the terms of the Act — first, those who are, as a matter of law, conclusively presumed to be dependent; second, those who are, as a matter of fact, dependent. And aside from those who are beneficiaries of the legal presumption, the fact of dependency, under the law as it stood when this case arose, depended upon the situation which existed at the time of the injury. *McDonald* v. *Liability Corporation*, 120 Me., 58; *William's Case*, 122 Me., 479; *Gallagher's Case*, 219 Mass., 140; *Ressi's Case*, 243 Mass., 528; *Paul* v. *Accident Commission* (Ore.), 272 Pac., 267; *Birmingham* v. *Westinghouse Co.*, 167 N. Y. Supp., 520; *Donoho* v. *Iron Works*, 206 N. Y. Supp., 494; *Adelman* v. *Ocean Accident and Guarantee Co.* (Md.), 101 Atl., 529.

Petitioner was, at the time of the injury, admittedly dependent upon her father for her entire support.

Subsequent changes in condition are not to be taken into consideration. *Re Yeople*, 169 N. Y. Supp., 584; *Davy* v. *Norwood-White Coal Co.* (Iowa), 192 N. W., 304; *Bott's Case*, 230 Mass.,

154. The marriage of petitioner prior to the death of her father does not bar her right to compensation..

Whatever incongruity there may be in continuing payments to a person on the presumption that she is dependent on a deceased father, when in fact she is receiving ample support from a husband, is a matter for the legislature and not for the Commission or the Court to correct. *Bott's Case*, supra.

The appellant agrees that under the strict interpretation of the statute a widow would be entitled to compensation until death even though she re-married if the present provisions of the law did not terminate compensation upon her re-marriage, but denies that the same principle applies in the case of children becoming eighteen years of age. This question arose in *Cronin's Case*, 234 Mass., 5, where the Court held there was no distinction between the case of a dependent widow who re-married and a dependent son who became eighteen years of age and self-supporting within the period during which compensation had been awarded him.

The right to receive compensation is not a vested right. *Murphy's Case*, 224 Mass., 592. It would cease at dependent's death in any event. It would not pass to her heirs or legal representatives, nor could it be assigned by her to another. But she has a right to receive the full amount of the compensation awarded to her.

That right is wholly a creature of the statute and is defined by its terms. Its express conditions can not be extended beyond their reasonable import, *Moran's Case* (Mass.), 125 N. E., 157, nor can they be limited other than by legislative enactment.

> *Appeal dismissed.*
> *Decree below affirmed.*