ANDERSON-TULLY Co., et al. *v*. WILSON, et al.

No. 39278          October 4, 1954          74 So. 2d 735

December 13, 1954          76 So. 2d 515

*Dent, Ward & Martin,* Vicksburg, for appellants.

*W. J. Vollor,* Vicksburg, for appellees.

ETHRIDGE, J.

This is a workmen's compensation case, involving primarily the question of whether Clois Wilson was the surviving wife of the deceased employee, Major Wilson. Major Wilson was killed on June 30, 1952, while working for appellant Anderson-Tully Company. The injuries causing his death arose out of and in the course of his employment and were accidentally received. At the hearing before the attorney-referee, two women claimed to be the widow of Major Wilson: Clois Wilson and Willie Lee Cheffins Wilson. They will be referred to hereafter as Clois and Willie Lee. All of the parties are Negroes. The attorney-referee allowed compensation to Clois, and denied it to Willie Lee. Upon an appeal to the Commission by the employer and insurance carrier, that body reversed the award of the attorney-referee to Clois, and denied compensation to both of the women; but it affirmed the award of compensation to two dependent, minor children and the mother of deceased. Clois then appealed to the Circuit Court of Warren County, which reversed the Commission in part and held that Clois was entitled to compensation as Major's widow. We think that the circuit court was correct in this conclusion.

The facts involve two successive, alleged marriages by Major Wilson, and two precedent marriages by his first wife, Willie Lee. In the latter part of 1946 Major Wilson, who had recently returned from army service, began living with Clois as his common-law wife. This cohabitation together as a common-law husband and wife continued up until the time of Major's death in June 1952. The great weight of the evidence shows that during this period of about six years Major and Clois more than complied with the prerequisites for a common-law marriage. They lived together, considered themselves husband and wife, all of their friends and neighbors so considered them, and Major assumed all of the obligations and attitudes of a lawful husband of Clois. The circuit

court so found, and the evidence overwhelmingly supports that conclusion, provided that Major was competent to contract such a common-law marriage. It is not claimed that Clois was incompetent to marry Major.

Appellants contend that Major was unable to consummate a legal marriage with Clois, because in October 1937 he contracted a ceremonial marriage with Willie Lee, and there has been no divorce by either of the parties to that marriage. On the other hand, appellee Clois argues that Willie Lee had contracted two ceremonial marriages, not dissolved by divorce or death, prior to her 1937 marriage with Major Wilson; that therefore her marriage with Major was invalid; and that there is a presumption that Major's common-law marriage with Clois is valid, and the burden of proof, which appellants did not meet, is upon appellants to show otherwise.

In 1922 Willie Lee married ceremonially Armstead Adams. She had one son by Adams, and is living with him now. She testified that she left Adams in 1927 after she had heard that Adams had previously married Pearlie Davis, concerning which there is no evidence other than this statement by Willie Lee as to what she heard. There is no evidence of a divorce by Adams from this 1922 marriage, and Willie Lee said that she obtained no divorce. Nor is there any evidence that Adams died prior to either of Willie Lee's subsequent marriages.

In 1929 Willie Lee married ceremonially Centell Cheffins. She testified that she left Cheffins after she had heard that Cheffins had previously been married to Martha Lee, concerning which there is no evidence other than Willie Lee's statement as to what she heard. Willie Lee obtained no divorce from Cheffins. Cheffins left Vicksburg and went somewhere in the east around 1932. He has not been seen or heard of since. Willie Lee stated that so far as she knew neither Cheffins nor her first husband, Adams, obtained a divorce from her.

In 1937 Willie Lee married ceremonially Major Wilson, the deceased employee. She lived with Major until 1943, when Major went into the army. In 1946 Willie Lee left Vicksburg and moved to Detroit, later moving to Chicago. And in the same year Major and Clois began living together as husband and wife.

We cannot agree with appellants' argument that there is a presumption that Major Wilson's 1937 ceremonial marriage to Willie Lee is valid, and that the burden is upon Clois to show that her later, common-law marriage with Major Wilson is valid.

■■ It is well-established that when a person has entered into several successive marriages, a presumption arises in favor of the validity of the second or last marriage. And this presumption of validity is applicable to a subsequent common-law marriage, as well as to a subsequent ceremonial marriage. Anno., 14 A. L. R. 2d 7, 19; 55 C. J. S., Marriage, Sec. 43, pp. 887-892, 896. ■■ A subsequent marriage in fact raises the presumption that a former marriage has been terminated by divorce or by the death of a prior spouse. ■■ These presumptions are based upon public policy. ■■ The burden of adducing evidence to the contrary rests on the party who attacks it. 55 C. J. S., pp. 890-891. Of course this presumption can be rebutted by evidence excluding the possibility of a divorce or death of a prior spouse, 14 A. L. R. 2d 45, but that burden of proof is a difficult one: "It has been declared that, an existing marriage being shown, the presumption of its validity is so strong that proof of a former subsisting marriage, in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result."

■■ 55 C. J. S., Marriage, Sec. 43, pp. 893-896, states the rule as follows: "In the case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the party

attacking the validity of such second marriage has the burden of proving such invalidity, even though it involves the proving of a negative; and the burden of showing a valid prior marriage is on the party asserting it.

"Moreover, even where a valid first marriage has been established, it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved, either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage, even though he is thereby required to prove a negative."

Hence the applicable presumption is based upon the last marriage of Major Wilson, namely, with the appellee Clois. Howard v. Kelly, 111 Miss. 285, 71 So. 391 (1916), held that this presumption of validity applies to a subsequent common-law marriage, and that the burden of proof to show that it is invalid is upon the person attacking the common-law marriage. Appellants, with the burden of proof, have not done this. Included in this burden would be the duty to prove the validity of Major Wilson's marriage to Willie Lee. Willie Lee admitted that when she married Major she had two undivorced husbands from two prior ceremonial marriages. Appellants wholly failed to show by clear and convincing evidence that Willie Lee's two prior ceremonial marriages were either illegal or were properly dissolved by divorce or death before her marriage to Major, so they have not met the necessary burden of proof of establishing that Willie Lee was competent to marry Major Wilson in 1937. In the absence of clear and convincing evidence to that effect, we must, and do, apply here the rules referred to above, including that of Howard v. Kelly. The presumption of validity of Major Wilson's common-law marriage to appellee Clois is applicable, and has not been removed by appellants. Hence on this record Clois is the surviving wife of the deceased employee.

■■■ Willie Lee did not appeal from the order of the attorney-referee denying her claim for compensation, and has not pursued her claim further, apparently in view of the rather clear terms of Code of 1942, Sec. 6998-02 (14). She concededly had been separated from Major Wilson for considerably more than three years without an award for separate maintenance or alimony, or the filing of a suit for that purpose. The circuit court was correct in holding that Major's partially dependent mother and his two dependent children, one of them his daughter by Clois, were entitled to compensation. Elizabeth Hunt Wilson is the daughter of Clois, who was recognized by Major as a dependent child. He died on June 30, 1952, and Elizabeth married James Brown on August 28, 1952. Since that date Brown has supported Elizabeth. Elizabeth was born on September 5, 1935, so she would not be eighteen years of age, the maximum age limit under the statute for dependent children, Code Sec. 6998-02 (12), until September 5, 1953. Appellants contend, and the Commission held, that Elizabeth was entitled to compensation as a dependent child of the deceased only from the date of his death until her marriage on August 28, 1952, and not thereafter. The circuit court held that she was entitled to ''compensation as provided for by the Act,'' thus leaving this question undecided.

■■■ Code Sec. 6998-02 (12) states that: '' 'Child,' 'grandchild,' 'brother' and 'sister' include only persons who are under eighteen (18) years of age, and also persons who, though eighteen (18) years of age or over, are wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability.'' The last clause of the quoted section shows that the Legislature intended that children eighteen or over must be wholly dependent, but it does not apply that requirement to children under eighteen. Section 6998-02 (18) provides: ''It is expressly provided, agreed, and understood in determining beneficiaries under this

section that a widow, widower suffering a mental or physical handicap, and children under the age of eighteen years are presumed to be dependent.'' This creates a rule of substantive law under the statute, to the effect that a child under eighteen years is conclusively presumed to be dependent. ■■■ This interpretation is confirmed by Sec. 6998-13 (g), which states: ''All questions of dependency shall be determined as of the time of the injury. A surviving wife, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependency as the facts may warrant.'' It is undisputed that at the time of Major's death Elizabeth was dependent upon him. That is the controlling date under this section, which in its last sentence applies a different test to persons who are not surviving wives or children.

■■■ The plain terms of the quoted statutes allow children of a deceased workman compensation benefits under the Act if they are in fact dependent upon the workman at the time of his death, irrespective of whether prior to reaching the age of eighteen years the child marries and is supported by her husband. 2 Larson, Workmen's Compensation Law, Sec. 64.50; Anno., 86 A. L. R. 867, 876; Studebaker Corporation v. Anderson, 183 N. E. 408 (Ind. 1932); Brochu's Case, 129 Me. 391, 152 Atl. 535 (1930). ■■■ Accordingly the Commission was in error in limiting Elizabeth's compensation to the date of her marriage. We interpret the judgment of the circuit court as removing that limitation.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.

ON MOTION FOR ATTORNEY'S FEES, INTEREST, AND
STATUTORY DAMAGES

ETHRIDGE, J.

The Commission awarded attorney for appellees an attorney's fee of 25 percent of the total amount of the

award. ██ ██ Appellees move that this Court allow their attorney a fee for his services in the circuit court and this Court. That motion is sustained, and a total fee of 33⅓ percent is allowed attorney for the appellees as full compensation for all services rendered, including those before the Commission. This fee shall be computed and paid in the manner set forth in the opinions on similar motions in No. 39,282, Sunnyland Contracting Co., Inc. v. Davis, and No. 39,272, Railway Express Agency v. Hollingsworth, both of said decisions being dated November 14, 1954.

██ ██ Appellees' motion also asks 6 percent interest and 5 percent statutory damages. That part of the motion is also sustained, and each payment of compensation shall bear interest at the rate of 6 percent per annum from its due date. Appellees are hereby awarded 5 percent statutory damages on all payments of compensation due them at the time this cause was affirmed. The judgment will be corrected pursuant to this opinion. The cause will be remanded so that the Commission may supervise and enforce the payments of the awards.

Motion for attorney's fees, interest, and statutory damages sustained, and cause remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.