FRANKLIN, et al. *v.* JACKSON, et al.

No. 40499         June 10, 1957         95 So. 2d 794

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *Bodron & Nichols,* Vicksburg, for appellants.

500

*Frank E. Shanahan, Jr.,* Vicksburg, for appellee.

ARRINGTON, J.

The employer, carrier, and Mabel and Jemes Ella Jackson appeal from the judgment of the Circuit Court of Warren County reversing an order of the Workmen's Compensation Commission as to payments of death benefits.

The facts are not in dispute. Columbus Jackson was killed in the course of his employment, leaving two minor children, Mabel Lee Jackson, age 8, and Jemes Ella Jackson, age 10, and Elijah Jackson, age 16, and Eunice Jack-

son, age 13, his nephew and niece and to whom deceased stood in the place of a parent for at least one year prior to the time of the injury. These were his sole beneficiaries and the referee ordered payments to be made to them as provided by the compensation act. There was no petition for review by the commission, and the referee's decision became final. The Commission later issued an order as to a schedule of payments to be made to the above named beneficiaries. In computing the amount, the commission held that upon Elijah Jackson becoming 18 years of age, the award would be reapportioned to the three remaining children equally, and that when Eunice became 18 years of age, the remainder of the $8,600 award would be reapportioned to the remaining children.

From this order, Elijah and Eunice Jackson appealed to the Circuit Court of Warren County, contending that compensation payments to a minor beneficiary do not terminate upon reaching 18 years of age. The circuit court reversed the order of the commission, holding that compensation benefits to a minor dependent would not automatically terminate upon the said minor dependent reaching the age of 18 years subsequent to the date of the injury, and held that the award of $8,600 should be equally divided among the four minor dependents, or that each minor receive the sum of $2,150.

The sole question presented on this appeal is whether compensation benefits shall terminate upon the child reaching the age of 18 years.

Section 6998-13, Code of 1942, provides in part as follows:

"6998-13. Compensation for death.—If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following:

"(d) If there be a surviving child or children of the deceased, but no surviving wife or dependent husband, then for the support of each such child twenty-five per centum (25%) of the wages of the deceased; provided, that the aggregate shall in on case exceed sixty-six and two-thirds per centum (66-2/3%) of such wages, subject to the maximum limitations as to weekly benefits as set up in this act.

"(g) All questions of dependency shall be determined as of the time of the injury. A surviving wife, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependency as the facts may warrant."

In Section 6998-02, Code of 1942, Definitions, it is provided that "unless the context otherwise requires, the definitions which follow govern the construction and meaning of the terms used in this act." Under subsection (12) the definition of "child" is as follows:

"(12)  'Child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him. 'Grandchild, means a child as above defined of a child as above defined. 'Brother' and 'sister' includes stepbrothers and stepsisters, half brothers and half sisters, and brothers and sisters by adoption, but does not include married brothers nor married sisters unless wholly dependent on the employee. 'Child,' 'grandchild,' 'brother,' and 'sister' include only persons who are under eighteen (18) years of age, and also persons who, though eighteen (18) years of age or over, are wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability."

And under subsection (18) it is expressly provided that in determining beneficiaries under this section, a widow, widower suffering a mental or physical handicap, and children under the age of eighteen (18) years are presumed to be dependent.

The statutory definition of a child is plain and unambiguous. A person who is over the age of eighteen years and who is not incapable of self support by reason of mental or physical disability is not a child under the statute. Even though a child qualifies as a dependent as of the time of injury because under eighteen years of age, he ceases to be a child within the meaning of the compensation act when he reaches the age of eighteen years unless he is incapable of self support by reacon of mental or physical disability. One of the primary purposes of the compensation act is to relieve society of the burden of supporting in orphanages and public almshouses helpless children. Stanley v. McLendon, et al., 220 Miss. 192, 70 So. 2d 323. It would be inconsistent with the primary purpose of the act to allow children over eighteen years of age, who are physically and mentally able to support themselves, to receive compensation and deplete the award to the detriment of younger children, who, because of age, are unable to support themselves. This is consistent with our holding in Anderson-Tully Co., et al. v. Wilson, 221 Miss. 656, 74 So. 2d 735.

It is true that the act provides that all questions of dependency shall be determined as of the time of the injury. This has reference to the dependency which generates the original right to an award. It does not control the question of the termination of the right to continue receiving an award. Standard Dredging Corp. v. Henderson, et al., (5th Cir.) 150 F. Rep. 2d 78.

The learned trial judge erred in reversing the commission on the question herein discussed. It follows

that the judgment of the court below is reversed and the order of the commission is reinstated.

Reversed and order of commission reinstated.

All Justices concur, except *McGehee, C. J.,* and *Kyle, J.,* who took no part.