Watson *v.* National Burial Association, Inc., et al.

No. 40897          December 15, 1958          107 So. 2d 739

750

*John C. Webb, Holland O. Felts,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellees.

McGehee, C. J.

This is an appeal from the order of an attorney-referee, the Workmen's Compensation Commission and the Circuit Court whereby each of them denied the death benefits claimed by Juanita Watson, the legal wife of Robert Timothy Watson at the time of his death on June 28, 1956, under the Mississippi Workmen's Compensation Act.

The claimant and Robert Timothy Watson were married in December 1940 and were divorced in March 1941. They remarried in March 1947. Thereafter they lived together continuously until September 11, 1953, at Green-

ville, Mississippi, in an apartment upstairs over the Watson Funeral Home, of which he was the manager, and which funeral home was owned and operated by the appellee National Burial Association, Inc.

The proof before the attorney referee disclosed that on the morning of June 28, 1956, the said Robert Timothy Watson received a telephone call at the office and stated in substance in the presence of one or more of the clerical force: "David Johnson called me and I have got to go see him and I will be back in a few minutes. But one witness testified that Watson stated, "David Johnson called me and I have got to go get him, and I will be back in a few minutes".

It was shown without dispute that Watson had full authority and was under a duty to use the appellee's automobile to go get any of the employees, including David Johnson, at their respective homes upon being requested to do so by the employee and bring them to the funeral home when needed. On the occasion in question Watson left the funeral home immediately after receiving the telephone call and within a few minutes thereafter was shot and killed by David Johnson, while returning along the route to the funeral home with Johnson in the automobile. It was not shown as to what caused Johnson to shoot and kill Watson, but the proof clearly shows that Watson was killed in the course of his employment and while in the performance of a duty imposed upon him by his employment. The record shows that Johnson was thereafter sentenced to the penitentiary for life in connection with this homicide.

It was shown on behalf of the claimant that the automobile which was being driven by Watson had stopped behind an oil mill located on the street leading directly to the funeral home, and that thereupon David Johnson got out of the automobile on the right side thereof and that immediately thereafter Watson got out of the automobile on the same side with his hands raised, and that

he was then shot to death by David Johnson. No one heard any conversation between the two men nor knew what caused the shooting.

The attorney-referee held in favor of the claimant on the issue as to whether or not Watson was killed in the course of his employment and that his death arose out of his employment, but he denied the claimant any compensation on the ground that she did not prove that she was dependent on Watson for support at the time of his death. The full Commission held against the claimant on both grounds and the Circuit Court affirmed the finding of the Commission.

The claimant testified at the hearing before the attorney-referee, and her testimony is wholly undisputed, that her husband Robert Timothy Watson gave her a beating on September 11, 1953, and threatened to kill her with an axe, and that he had beaten her on former ocassions.

The claimant testified she had been teaching in Greenville and had used her salary for her own purposes and at her own will and pleasure, and that her husband had purchased and paid for their furniture in the apartment and had paid the grocery bills and had provided her with all of her necessities of support and maintenance prior to the date of their final separation on September 11, 1953; that on that date an uncle carried her to Vicksburg, Mississippi, and that she left the next day for Tacoma, Washington, where her brother lived; that with the assistance of her said brother and mother and on funds borrowed by them, she attended Puget Sound College and continued her education there until she received a BA Degree; that after graduation she secured employment as a teacher in the schools at Tacoma and that her salary had increased from year to year from $3,900 to $5,300, and that she was receiving the latter amount as a teacher at the time of the death of her husband on June 28, 1956; that she

had not called on her husband for any contribution toward her support in the meantime, that she had. received no contribution from him and that she had no reasonable ground to believe he would have ever contributed to her support had he not been killed; that she and her husband were never divorced and that she had no contact with him by letter, telephone or in person since the date on which she left for Tacoma, Washington, in 1953. But she further testified that she would have returned to her husband if he had ever offered to let her come home and would treat her right. But that the exchange of Christmas cards was the full extent of any communication between them prior to his death and after she left home. In other words, it is undisputed that she was living apart from her husband at the time of his death for justifiable cause. There were no children born of the said marriage and it is undisputed that the claimant was his legal wife at the date of his death and was his sole heir at law.

Under Chapter 354, Laws of 1948, Section 2 subsection 14, it is provided: ''The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time''.

██ ■ Section 2, sub-section 18 of the said Act of 1948, provides: ''It is expressly provided, agreed, and understood in determining beneficiaries under this section that a widow, widower and children under the age of eighteen years are presumed to be dependent, *and it shall be the duty of the employer or his insurer by a preponderance of evidence to remove said presumption of dependence.*'' (Emphasis ours)

Section 2, sub-section 14, of the above mentioned act, defining a widow, was amended in Section 2, sub-section 14, Chapter 412, Laws of 1950, which reads in part as follows: ''The term 'widow' includes the decedent's legal

wife, living with him or dependent for support upon him at the time of his death, or living apart for justifiable cause, or by reason of his desertion at such time, provided, however, such separation had not existed for more than 3 years without an award for separate maintenance or alimony or the filing of a suit for separate maintenance or alimony in the proper court in this state. * * *''. By this amendment the italicized portion of Section 2, sub-section 18, of the Act of 1949 was eliminated in the said Act of 1950, and Section 9, sub-section (g) of the Act of 1948, which read: ''All questions of dependency shall be determined as of the injury'', was amended in Section 9, sub-section (g) of the Act of 1950, so as to read as follows: ''All questions of dependency shall be determined as of the time of the injury. A surviving wife, child or children shall be presumed to be wholly dependent. *All other dependents shall be considered on the basis of total or partial dependency as the facts may warrant.''*

The case of Thomas v. Contractors Material Co., 213 Miss. 672, 57 So. 2d 494, arose under the 1948 Act and is therefore distinguishable from the case at bar because of the foregoing mentioned amendments. The later case of Anderson-Tully Co. v. Wilson, 221 Miss. 656, 74 So. 2d 735, involving a claim on behalf of a child under 18 years of age, held that Section 6998-02, Code of 1942, which provided ''in determining beneficiaries under this section, that a widow, widower suffering a mental or physical handicap and children under the age of 18 years are presumed to be dependent'' creates ''a rule of substantive law under the statute, to the effect that a child under 18 years is conclusively presumed to be dependent.'

Since Section 9, sub-section (g) of Chapter 412, Laws of 1950, places a surviving wife, child or children in the same category in stating that they ''shall be presumed to be wholly dependent'', we have concluded that the

case of Anderson-Tully Co. v. Wilson, supra, declaring the presumption to be a conclusive one, is controlling in the case at bar, and especially in view of the fact that the concluding sentence of the said provision of the statute provides "all other dependents shall be considered on the basis of total or partial dependency as the facts may warrant". In other words, we think this latter provision shows intention on the part of the legislature to dispense with any factual issue as to whether or not a surviving wife, or child under 18 years of age, is a dependent; that as a factual issue the same is limited to all other dependents than the wife or child, and that the dependency of others claiming the benefits of the statute is to be determined "as the facts may warrant."

We are not unmindful of the general purpose of the act as declared by the Court in the case of Fernwood Industries, Inc. v. Mitchell, 219 Miss. 331, 68 So. 2d 830, involving an illegitimate child, but we think that the case of Anderson-Tully Co. v. Wilson, supra, is nevertheless controlling in the case at bar under the different factual situation here involved.

In the instant case the widow although able to support herself by her own efforts and remuneration therefor, was entitled as a matter of law to have her husband support her, and to enforce such right by appropriate proceeding at any time prior to the expiration of 3 years after the claimant separated from her husband for justifiable cause on September 11, 1953. The 3 year period, of course, had not expired at the time of the death on June 28, 1956.

Finally it may be said that there may be some question as to the intention of the legislature in eliminating in the Act of 1950 the last clause in Section 2, subsection 18, Chapter 354, Laws of 1948, and which clause reads as follows: "* * * and it shall be the duty of the employer or his insurer by a preponderance of evi-

dence to remove said presumption of dependence." It was originally the thought of the author of this opinion that by the elimination of this clause the legislature merely intended to relieve the defendant employer or carrier of the burden of proving non-dependency and to place the burden of proving dependency on the claimant, but in view of the provisions of Section 9, subsection (g) of Chapter 412, Laws of 1950, and in view of the decision in the case of Anderson-Tully Co. v. Wilson, supra, we have concluded that a legal wife living apart from her husband for justifiable cause is in the same category of a wife living with her husband or dependent upon him for support at the time of his death, and also in the same category with a child under 18 years of age in the case last above mentioned, within the meaning of our Workmen's Compensation Act. Cf. the second paragraph on page 279 of Prentiss Truck & Tractor Co. v. Spencer, 228 Miss. 66, 87 So. 2d 272.

As to whether or not the deceased Watson's death which occurred in the course of his employment also arose out of his employment, this Court in the recent case of Bryan Brothers Packing Co., et al v. Thomas B. Murrah, deceased, No. 40,900, decided on November 24, 1958, quoted with approval from Major, et al v. Alsup, 216 Miss. 607, 63 So. 2d 113, the following: "It is generally held that when it is shown that an employee was found dead at a place where his duties required him to be, or where he might properly have been in the performance of his duties during the hours of his work, in the absence of evidence that he was not engaged in his master's business, there is a presumption that the accident arose out of and in the course of the employment within the meaning of the compensation acts." Therefore, in view of the liberal construction which this Court as well as the other State Courts throughout the country have given to the provisions of Workmen's Compensation Acts, and in the

absence of any proof to the contrary, we hold that the death of. Robert Timothy Watson occurred not only in the course of his employment but that the same arose out of his employment.

It follows therefore that the judgment of the circuit court affirming the action of the Commission, which had affirmed the action of the attorney-referee on the issue of non-dependency, should be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.*, concur.

## ON SUGGESTION OF ERROR

HALL, J.

The appellees have filed a suggestion of error accepting what we said in the original opinion that there is a conclusive presumption that the widow, being separated from her husband for justifiable cause for a period of less than three years, is conclusively presumed to be dependent upon her husband for support. But the suggestion of error states that our statement that the death of the deceased occurred not only in the course of his employment but that the same arose out of the employment is erroneous.

In support of their position the appellees say that the term "injury" as defined in Section 6998-02(2) of. the Code of 1942, means accidental injury or accidental death arising out of and in the course of employment, but does not include an injury caused by the willful act of a third person directed against an employee because of his employment. And in further support of their argument the appellees cite only the case of Brookhaven Steam Laundry, et al v. Watts, 214 Miss. 569, 639, 55 So. 2d 381, 59 So. 2d 294, which held that the employer of a deceased employee is not responsible for his death *at the hands*

*of a third person* except where he was killed because of his employment.

The appellees entirely misconstrue both of the authorities mentioned as compared with the facts in the case at bar. In the opening statement of facts in the suggestion of error it is said: "Appellant is the self-supporting and lawful widow of Robert Timothy Watson, deceased, and at the time of her husband's murder by his fellow employee, David Johnson, had been separated from her husband because of his misconduct for less than three years." It will be noted that the appellees admit that Robert Timothy Watson, the deceased, was murdered by his fellow employee David Johnson, and not by a third party. The deceased and David Johnson were both employed by the National Burial Association and the third party relationship mentioned in the above authorities has no bearing whatsoever in this case. The suggestion of error is therefore overruled.

Overruled.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.