SMITH, Justice:
This is a workmen’s compensation case. Willie White, an employee of Dale Polk Construction Company, died in the course of his employment. Employer-carrier concede that his death is compensable under the Mississippi Workmen’s Compensation Act.
White left a dependent child, Sophronia White Colbert, accepted as such by em *279 ployer-carrier, and there is no question as to her entitlement to the benefits provided hy the act.
Appellee, Martha White, claims to have been the “common-law” dependent wife of the decedent and entitled to benefits as his widow. Her claim was contested and the single question presented here is whether she had or had not been the lawful wife of the decedent at the time of his death. The Workmen’s Compensation Commission upheld her claim as dependent widow and its decision was affirmed on appeal by the Circuit Court of Claiborne County. It is from that judgment of affirmance that this appeal has been prosecuted.
There are few, if any, material disputed facts. Most of the testimony is that given by claimant herself. From this it appears that she had married one Belton in 1937. They separated prior to 1944, and in July, 1944 she contracted a ceremonial marriage with one Colbert. It was not established whether there had or had not been a divorce between claimant and Belton. After Belton and claimant separated, Belton moved to New Orleans, Louisiana, where he continued to live until his death in 1951. The rule applicable to the appellee’s claim to be the widow of the decedent by virtue of a common-law marriage was stated by this Court in Stutts v. Estate of Stutts, 194 So.2d 229, 231 (Miss.1967):
A claim of such marriage is regarded with suspicion and will be closely scrutinized ; the burden is on one who asserts the claim, and all essential elements must be shown to exist. Further, when one of the parties is dead, the essential elements must be shown by clear, consistent, and convincing evidence.
Appellee testified that she began living with White in 1951. They ceased living together about two years before White died. She said that until sometime after December 13, 1956, when Sophronia White Colbert was born, she considered herself to be the lawful wife of Colbert. Thus, by her own admission, she could not have had at that time the necessary intent to form a valid common-law relationship with White.
On April 5, 1956, Mississippi Laws 1956, Chapter 239, became effective and “outlawed” common-law marriages in Mississippi. The record reflects that Colbert was still alive at that time and an appropriate search of the records of the jurisdictions in which he had lived disclosed that no divorce or annulment of his marriage to ap-pellee had been granted. Appellee herself stated that he was alive and that she had obtained no divorce from him, having considered that she did not “need” one as she had decided that she had been married to Belton at the time of her marriage to Colbert. She testified:
No sir, I didn’t try to get a divorce from him [Colbert] because when he left he went to California; he got married and I called and asked him when did he get his divorce and he told me he didn’t need one.
No search or investigation was made of the records at New Orleans, where Belton had lived after his separation from appellee, to determine whether there had been a divorce or annulment of the marriage to appellee. Under Mississippi law, when a person has entered into several successive marriages there is a presumption that the last marriage is valid. This presumption, in the absence of evidence to the contrary, will prevail, and it will be presumed that previous marriages were dissolved by death or divorce. Anderson-Tully Company v. Wilson, 221 Miss. 656, 74 So.2d 735 (1954); Dunn, Mississippi Workmen’s Compensation, section 205 (2d ed. 1967).
The burden rested upon appellee, in attacking the validity of her marriage to Colbert, to establish by a search of the records in New Orleans, where Belton had lived following their separation, or by other competent evidence, that there had been no *280 divorce. Pigford Brothers Construction Company v. Evans, 225 Miss. 411, 83 So.2d 622 (1955). Since this was not done in the present case the presumption of the validity of appellee’s ceremonial marriage to Colbert must prevail.
The Workmen’s Compensation Commission and the Circuit Court manifestly were in error in holding that appellee had contracted a valid common-law marriage with White and was entitled to workmen’s compensation benefits as his dependent widow. The case is reversed and judgment here for appellants.
Reversed and judgment here for appellants.
GILLESPIE, C. J., and PATTERSON, SUGG and WALKER, JJ„ concur.