WALKER, Justice,
for the Court:
This is a workmen’s compensation action based upon a claim by the appellees, Jenny B. Hopkins, sister of C. M. Hopkins, deceased, and two minors, Lutina Hopkins, age 5, granddaughter of the deceased, and Douglas Hall, age 14, grandson of the deceased, for benefits under the Mississippi Workmen’s Compensation Act on the basis that they were dependents and entitled to death benefits as a result of the death of C. M. Hopkins who died in the course and scope of his employment with Longleaf Forest Products, Inc. Argonaut Insurance Company was the workmen’s compensation carrier for Longleaf Forest Products, Inc. when C. M. Hopkins died.
Longleaf Forest Products, Inc. and Argonaut Insurance Company filed an answer to the motion to controvert admitting that the death of C. M. Hopkins was compensable under the Mississippi Workmen’s Compensation Act but denying Jenny B. Hopkins, Lutina Hopkins, and Douglas Hall were in any way dependent upon C. M. Hopkins and denying that the appellees were entitled to any benefits under the Mississippi Workmen’s Compensation law.
The record is clear that Jenny B. Hopkins was dependent upon the deceased and was physically and mentally disabled entitling her to benefits. Appellants now concede this and make no issue of her right to recover. The dispute in this appeal is over the rights of the two minor grandchildren.
The initial hearing was before an administrative law judge who ordered that appellants:
Pay to the legal guardian of Lutina Hopkins and Douglas Hall, minor grandchildren of the deceased, C. M. Hopkins, compensation for death benefits in the amount of 15 percent for each such child of the aforesaid weekly wages of the deceased, commencing on May 4, 1974, and continuing during dependency; however, the total amount payable for all dependents shall not exceed 66% percent *524 of such wages, subject to the maximum limitations of the Act, all as provided for in Section 9(e) and 9(f) of the Act. [Section 71-3-25(e), Mississippi Code].
On appeal to the full Mississippi Workmen’s Compensation Commission, the order of the administrative law judge was amended. The full commission found that the decedent stood in loco parentis to his natural grandchildren, Lutina Hopkins and Douglas Hall for at least one year prior to the time of his injury and death. As a result, the commission found that each grandchild came within the definition of child as contained in Mississippi Code Annotated section 71-3-3(1) (1972). Pursuant to this finding the full commission’s order required that death benefits be paid to the two minors in the amount of twenty-five percent each of the wages of the deceased as provided by the Mississippi Workmen’s Compensation Act “beginning on May 4, 1974, and continuing thereafter without condition as to future dependency, but subject to the maximum limitations of the Act.” '
This order was affirmed by the Circuit Court of Wayne County, Mississippi, by an order dated October 21, 1976.
The appellants allege that the order of the Mississippi Workmen’s Compensation Commission as affirmed by the circuit court should be reversed for the following reason: (1) the order is in error as a matter of law and is contrary to the law in finding that Lutina Hopkins and Douglas Hall were “children” of the deceased, C. M. Hopkins for purposes of the Mississippi Workmen’s Compensation law when in truth and in fact they were his natural grandchildren; (2) the order is in error as a matter of law and is contrary to the law in respect to its treatment of Lutina Hopkins and Douglas Hall insofar as they were awarded benefits beginning on May 4, 1974, and continuing thereafter without condition as to future dependency.
Since the resolution of this case depends upon the proper interpretation of the Mississippi Workmen’s Compensation Act, it is logical to begin by setting forth the pertinent provisions. Mississippi Code Annotated section 71-3-3(7) (1972), provides as follows:
“Child” shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in the place of a parent for at least one (1) year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him. “Grandchild” means a child as above defined of a child as above defined. “Brother” and “sister” include stepbrothers and stepsisters, half brothers and half sisters, and brothers and sisters by adoption, but does not include married brothers nor married sisters unless wholly dependent on the employee. “Child,” “grandchild,” “brother,” and “sister” include only persons who are under eighteen (18) years of age, and also persons who, though eighteen (18) years of age or over, are wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability. (Emphasis added).
Mississippi Code Annotated section 71-3-25 (1972), provides, in part, as follows:
If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following:
[[Image here]]
(d) If there be a surviving child or children of the deceased but no surviving wife or dependent husband, then for the support of each such child twenty-five percent (25%) of the wages of the deceased, provided that the aggregate shall in no case exceed sixty-six and two-thirds percent (66%%) of such wages, subject to the maximum limitations as to weekly benefits as set up in this chapter.
(e) If there be no surviving wife or dependent husband or child, or if the amount payable to a surviving wife or dependent husband and to children shall be less in the aggregate than sixty-six *525 and two-thirds percent (66%%) of the average wages of the deceased, subject to the maximum limitations as to weekly benefits as set up in this chapter, then for the support of grandchildren or brothers and sisters, if dependent upon the deceased at the time of the injury, fifteen percent (15%) of such wages for the support of each such person; and for the support of each parent or grandparent of the deceased, if dependent upon him at the time of injury, fifteen percent (15%) of such wages during such dependency. But in no case shall the aggregate amount payable under this subsection exceed the difference between sixty-six and two-thirds percent (66%%) of such wages and the amount payable as hereinbefore provided to surviving wife or dependent husband and for the support of surviving child or children, subject to the maximum limitations as to weekly benefits as set up in this chapter. (Emphasis added).
The record is clear that the two minors had lived with the deceased for more than a year and were dependent upon him at the time of his death. It was upon this basis that the commission found the two appel-lees to be children “in relation to whom the deceased employee stood in the place of a parent for at least one (1) year prior to the time of injury.” The appellants, however, contend that it is improper to boost grandchildren to the status of children given the compensation scheme mandated by section 71-3-25 under which the benefits for children are different from those provided for grandchildren. Appellants argue that if the Legislature did not intend to make a distinction between the two classifications, it would not have made the benefits payable to each class different — 25% for a child and 15% for a grandchild — and that if this Court holds that the minor claimants in this case are children of the deceased under the doctrine of loco parentis, then the classification of grandchildren as beneficiaries under the Mississippi Workmen’s Compensation Act is meaningless and would be repealed by judicial interpretation.
Under appellants’ interpretation of the law, a grandchild to whom its grandparent has stood in the place of a parent for one year prior to the time of the grandparent’s death would be entitled to less benefits, 15% of wages, than would a child who was not related to the deceased under the same circumstances — the child would receive 25% of wages. Such a distinction would be unthinkable and has no rational basis. There is a vast difference between a grandparent standing in the place of a parent to a grandchild under Mississippi Code Annotated section 71-3-3(1) (1972) and a grandchild simply being dependent upon the grandparent as envisioned by Mississippi Code Annotated section 71-3-25(e) (1972). The situations in which a grandparent might be the chief means of support and maintenance of a grandchild, yet not stand in the place of a parent to the grandchild are so numerous that no attempt will be made to enumerate them here and that dependent grandchild would only be entitled to 15% of wages as provided by section 71-3-25(e). We have not, by our holding, done away with the classification of grandchildren, but simply hold that grandchildren may, under the circumstances provided for in section 71-3-3(7), be elevated to the status of children for workmen compensation benefit purposes.
In view of our disposition of appellants’ first assignment of error, the remaining assignment of error is without merit. Anderson-Tully Co. v. Wilson, 221 Miss. 656, 74 So.2d 735 (1954).
The judgment of the circuit court affirming the order of the Workmen’s Compensation Commission is affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.