# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-00532-SCT

*JOSEPH GRIFFITH*

*v.*

*SUE ANN PELL, NEXT FRIEND AND PARENT
OF S. A. P., MINOR*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 2/12/2002 |
| TRIAL JUDGE: | HON. JANE R. WEATHERSBY |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PATRICIA PETERSON SMITH |
| ATTORNEY FOR APPELLEE: | MARK W. PREWITT |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 07/29/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 2003-CA-00202-SCT

*ROBERT "SONNY" PELL*

*v.*

*SUE ANN PELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/22/2002 |
| TRIAL JUDGE: | HON. JANE R. WEATHERSBY |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID M. SESSUMS |
| ATTORNEY FOR APPELLEE: | MARK W. PREWITT |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |

DISPOSITION:

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

AFFIRMED IN PART AND REVERSED
AND REMANDED IN PART - 07/29/2004

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     These consolidated appeals arise from proceedings in which Robert "Sonny" Pell sought a divorce from Sue Ann Pell and from proceedings in which Sue Ann sought a determination of paternity of her minor daughter.  Prior to their marriage, but while Robert and Sue Ann were dating and then cohabiting, Sue Ann gave birth to a minor daughter. During their marriage and under the belief that he was the minor's biological father, Robert acted as a father to the minor.  In her response to the complaint for divorce, Sue Ann averred that Robert had been "a good father to her minor child."

¶2.     About a year after the divorce proceedings were commenced, Sue Ann gave birth to a second child, and Robert, believing he was not the father of the second child, filed a motion for genetic testing to determine paternity of Sue Ann's first child who was the subject of the custody issue in the divorce proceedings.  The genetic testing conclusively showed that Robert was not the natural father of the minor child in question.

¶3.     After this turn of events, the chancellor granted Sue Ann's motion for partial summary judgment, ruling that Robert had "no legal standing in law or fact on the issue of custody as presented by his pleadings herein."  Sue Ann then filed a motion to terminate Robert's rights

2

of visitation with the minor child. The final decree of divorce did not grant Robert any rights of visitation.

¶4.    Thereafter, Sue Ann filed a paternity action against Joseph "Joe" Griffith, the biological father of the child. The parties to the paternity suit entered into an agreed order declaring Griffith the biological father, ordering child support, and stating that all other matters would be decided by the chancellor at a later date. Later, Sonny and Griffith filed a motion for declaratory judgment, requesting that Sonny be declared the legal father of the child arguing that not only that this declaration would be in the best interest of the child but that Sue Ann should be estopped from denying Sonny's paternity as well. Griffith agreed to relinquish all parental rights and allow Sonny to adopt the child. The chancellor denied their motion for declaratory judgment, set child support payments, and granted Griffith reasonable visitation.

¶5.    Both actions were separately appealed to this Court. The Court of Appeals affirmed the chancery court which held that, due to the peculiar circumstances of these cases, the issue of what was in the best interest of the minor child should be decided in the appeal of the divorce action. *Griffith v. Pell*, 2003 WL 22038733 at *4 (Miss. Ct. App. 2003). We granted certiorari on the paternity appeal and have, pursuant to Miss. R. App. P. 3(b), consolidated the two appeals because they involve common questions of law or fact.

### DISCUSSION

### I.    TERMINATION OF ROBERT'S PARENTAL RIGHTS.

¶6.    The chancellor held, and Sue Ann argues, that the paternity proceedings foreclosed any rights of custody or visitation Robert may have had with regard to the minor child. We

3

disagree. Merely because another man was determined to be the minor child's biological father does not automatically negate the father-daughter relationship held by Robert and the minor child. Indeed, in *Logan v. Logan*, 730 So. 2d 1124 (Miss. 1998), we held that the custody of a minor child should be awarded to its stepfather upon the divorce between the stepfather and the child's biological mother. *Id.* at 1127. We reiterated our recognition of the doctrine of in loco parentis,[1] *id.* at 1126, which clearly applies to Robert.

¶7.     In *Logan*, we further held:

> Where a stepfather, as an incident to a new marriage, has agreed to support the children of a previous marriage, or where he does so over a period of time and the mother and the children in good faith rely to their detriment on that support, the best interests of the children require entry of a child support decree against the stepfather. *Thus, it follows that* if a stepparent can be required to pay child support for a stepchild based on his support of the stepchild over a period of time, *where it is in the best interests of the child, he should be allowed to have custody of the stepchild based on the affection for and support of that child over a period of time.* With the burden should go the benefit.

*Id.* at 1126 (citation omitted & emphasis added).

¶8.     Under *Logan,* because Robert supported and cared for the minor child as if she were his own natural child, under state law, he may be required to pay child support for the minor

---

[1]A person acting in loco parentis is one who has assumed the status and obligations of a parent without a formal adoption. *Logan v. Logan*, 730 So. 2d 1124, 1126 (Miss. 1998). "Any person who takes a child of another into his home and treats it as a member of his family, providing parental supervision, support and education, as if it were his own child is said to stand [in loco parentis]." *Id.* (quoting *W.R. Fairchild Constr. Co. v. Owens*, 224 So. 2d 571, 575 (Miss. 1969)).

child. It therefore follows that he may be awarded custody and/or visitation rights with the minor child.

¶9. Courts of at least two other states have spoken to the question before us here. The Supreme Court of Wisconsin has held that, even when a third party to a marriage is the biological father of a child of the marriage, the biological father does not have any paternity rights if he fails to establish that he had a substantial relationship with the child. *A.J. v. I.J.*, 677 N.W.2d 630, 642 (Wis. 2004). The court noted that the biological father "did not support [the minor child] emotionally or financially; that occasionally buying formula and diapers was insufficient to show his assumption of parental responsibility, as was his failure to assert parental rights . . . at her birth." *Id.* at 636. The court also stated:

> A parent has a constitutionally protected liberty interest in the "companionship, care, custody and management of his or her children." *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972). However, parental status that rises to the level of a constitutionally protected liberty interest does not rest solely on biological factors, but rather, is dependent upon an actual relationship with the child where the parent assumes responsibility for the child's emotional and financial needs. [Citation omitted.] . . . As Justice Stewart observed in *Caban v. Mohammed*, 441 U.S. 380, 99 S. Ct. 1760, 60 L. Ed. 2d 297 (1979): "Parental rights do not spring full-blown from the biological connection between parent and child. They require relationships more enduring." *Id.* at 397 (J. Stewart, dissenting).

*A.J.*, 677 N.W.2d at 636.

¶10. A California Court of Appeal has stated that "[w]hatever role genetic testing may play in resolving disputes between competing would-be fathers, . . . we fail to see what purpose is served by using genetic testing to defeat an existing father-child relationship when there

5

is no biological father seeking to assume care, support and nurturance of the child." ***In re Raphael P.***, 118 Cal. Rptr. 2d 610, 625 (Cal. Ct. App. 2002).  We agree wholeheartedly.

¶11.   We therefore reverse the chancellor's termination of Robert's parental rights and remand for a prompt determination of custody, support and visitation issues.  The chancellor should consider, among other things, the agreement between Robert and Griffith as to the custody and support of the minor child[2] and any other evidence pertaining to the best interest of the child insofar as Robert is concerned.

## II.   WHETHER THE BEST INTERESTS OF A CHILD IN REGARDS TO CUSTODY, VISITATION AND SUPPORT MAY BE DETERMINED IN A PATERNITY ACTION.

¶12.   The Court of Appeals answered this issue in the negative and held that paternity actions were limited to issues of biology and support.  ***Griffith v. Pell***, 2003 WL 22038733, at *2, 4 (Miss. Ct. App. 2003).  The Court of Appeals stated:

> Current case law provides that paternity suits have limited purposes. Where scientific evidence points overwhelmingly towards one man as the father of a child, paternity is established, and the only matter left to resolve in the paternity action is that of support.  ***Rafferty v. Perkins***, 757 So. 2d 992, 996 (Miss. 2000).
>
> * * *
>
> The best interest of the child standard is to be applied when determining custody issues, such as in a divorce proceeding. Although a natural parent is entitled to custody of a minor child, there are circumstances under which that entitlement may be set

---

[2]In the paternity action, Griffith submitted an affidavit that he did not know the child, did not wish to initiate a relationship with her, and felt her interests would better be served by permitting Robert to adopt the minor child.  He also submitted a document in which he agreed to relinquish all parental rights in favor of Robert.

6

> aside in favor of a third party, including a stepparent. That, however, is a matter better resolved in the appeal of the Pell divorce proceedings and not in the Griffith paternity action.

*Id.* at \*4 (citations omitted). We agree. Paternity actions are about biology. However, it also important to note that custody issues such as visitation and support issues are routinely decided in paternity actions, as they were in Sue Ann Pell's paternity action against Griffith here, such that conflicts arise which may eventually necessitate consideration of the best interests of the child. Yet, a paternity action is not the most convenient or appropriate forum for determining the best interests of the child where custody actions are arranged to effectively and exhaustively address the issue. The best interests of the minor child at the heart of this action were best addressed in the divorce proceeding or in a separate custody action, not in the paternity action.

## CONCLUSION

¶13. The chancellor erred when she terminated Robert's parental rights. We reverse her ruling on this issue, and we affirm the grant of divorce. We remand for a new hearing as set forth above, and we instruct the chancellor to appoint a guardian ad litem for the minor child, and for a hearing and a determination of what would be in the best interests of the minor child. In making its decision the chancery court shall make a full on-the-record discussion of the application of the *Albright* factors. *See Albright v. Albright*, 437 So. 2d 1003, 1004-05 (Miss. 1983). We affirm the Court of Appeals' holding that paternity suits should properly decide only issues of biology and support. We further affirm the Court of Appeals' holding that a best interest determination is inappropriate for paternity suits. Thus, in the paternity appeal we affirm the judgments of the chancery court and the Court of Appeals.

7

¶14. **NO. 2002-CT-0532-SCT: AFFIRMED.**

¶15. **NO. 2003-CA-00202-SCT: AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**